CIRCUIT COURT FOR MULTNOMAH COUNTY, JUNE TERM, 1868.

## F. BROWN *v.* EDWARD CAHALIN.

PROOF OF CONSIDERATION.—An acknowledgment of payment of purchase money contained in a deed or bill of sale may be explained by parol. Parol evidence is admissible to show that the consideration expressed in a deed was not the actual consideration.

CIRCUMSTANTIAL EVIDENCE.—When the action was for an agreed price, and the evidence was conflicting as to whether that price was agreed to, the actual value of the property sold was admitted as a circumstance tending to disprove the alleged agreement. Proof of the state of accounts was admitted as circumstantial evidence tending to contradict a claim of payment by a release of prior indebtedness.

NEW TRIAL.—Where it is evident that the jury have disregarded instructions, to the detriment of a party, it is ground for a new trial.

THE plaintiff alleges that he and the defendant were partners, owning a building and a stock of goods; that the parties dissolved the partnership, and that he sold his interest in the building, the goods and the business to the defendant for the sum of fifteen hundred dollars, which sum the defendant promised to pay him upon request, but had only paid $35, and, although requested, refused to pay the balance, $1,465.

The *answer* admits the purchase of the building and goods, but denies that the defendant promised to pay

therefor $1,500, or any sum ; but says that at the time of the dissolution the plaintiff was indebted to the defendant in a large sum, and that the two, as partners, were indebted to divers other persons ; and that the building and goods were sold to the defendant solely upon the consideration that the defendant would release his claims for money owing to him from the plaintiff and would assume the debts owing by the firm ; that the defendant did so release the plaintiff and assume said firm debts, and thus fully paid the plaintiff for all his interest in the building, goods and business.

The replication denies the allegations of the answer.

*W. W. Page,* for the plaintiff.

*Stout & Reed,* for the defendant.

A jury being called and sworn, the plaintiff introduced a deed and bill of sale executed by him to the defendant. The deed recites that the consideration for the building is one thousand dollars, and admits its receipt by the plaintiff, and the bill of sale recites a consideration of $500 for the goods, and admits that the amount was received by the plaintiff.

The plaintiff introduced as a witness an attorney, who drafted the deed and bill of sale ; and after proving that he was the person who drew them, asked : "What can you state as to the amount of money paid at the time of the transaction?"

The defendant objected that the plaintiff having introduced the instruments could not dispute them.

The objection was overruled, and the witness testified: "No money was paid at the time. The parties came together to my office, and said they wanted a deed and bill of sale. When writing the deed I said—' What consideration shall I insert?' and one of them said, you may as well put in $1,000; the other assented. When I was drawing up the bill of sale, a similar question was asked by me, and one of them mentioned $500, and the other assented, or made no objection. I supposed the amount to be a mere

matter of form. Nothing else was said about money or the consideration."

The plaintiff testified that the defendant agreed to pay him $1,500 for his interest in the property.

The plaintiff rested his case; and the defendant testified in his own behalf, that he never agreed to give any sum for the property, but that the business had been unsuccessful, and that the plaintiff had become indebted to him, and had consented and agreed to transfer the property to him, if he (the defendant) would release that indebtedness, and assume the debts owed by the firm. That the transfer was made in pursuance of that agreement and at the plaintiff's solicitation; that after the transfer was made and all their business settled up, he made the plaintiff a present of the $35 mentioned in the pleadings.

The defendant's counsel asked what was the building, stock of goods and business worth?

The plaintiff objected to the evidence as incompetent and irrelevant. The defendant claimed that he could show that an undivided half of the whole was not worth $300; and that it was a circumstance tending to show that $1,500 was not an agreed price.

The evidence was admitted as a circumstance tending to show whether or not the $1,500 was an agreed price.

Under similar objection and ruling, the plaintiff testified to the condition of the firm business, and the state of the accounts between the parties.

The jury was instructed, among other things, that the evidence of the value of the property, and of the state of accounts between the parties, was admitted solely for the purpose of enabling the jury the better to determine whether the defendant had promised to pay the plaintiff $1,500 for the property transferred to him; and that unless the defendant had promised to pay that sum for the property and business, the plaintiff could not recover.

The plaintiff recovered a verdict for $800.

The defendant moved for *a new trial,* assigning the following grounds:

1st. The plaintiff should not have been permitted to dis-

pute by parol evidence the admission of payment contained
in the deed and bill of sale.

2d. It was error to allow the plaintiff to go into evidence
of the condition of the accounts prior to the dissolution and
sale.

3d. Insufficiency of the evidence to justify the verdict.

4th. The verdict is against law.

5th. That the jury disregarded the instructions of the
Court.

The motion submitted, and taken under advisement, the
following opinion was filed granting a new trial.

UPTON, J.    The first objection is not well taken; it is a
general rule that a written receipt may be explained by parol.
And the general rule that a party is not permitted to dispute
his own deed, is subject to the exception that a party may
show that the consideration expressed in the deed is not the
actual consideration, whenever that becomes a material
point.

There is equal reason for permitting a party to show
that the acknowledged payment has not been made.    It is
an everyday practice to state a nominal consideration in
deeds; and it is equally common to allow the deed to con-
tain a formal acknowledgment of payment when none has
been made.    Where one takes a deed and gives his prom-
issory note, or a note and mortgage, to secure the price,
nothing is more common than for the deed to recite that
full payment has been made, and the acknowledgment of
payment contained in the deed is considered open to ex-
planation.

The second ground of this application is the admission
of evidence of the state of the accounts between the parties
up to the time of the dissolution.

It would have been clearly error to permit the jury to
understand that they were to find by their verdict what
would have been a fair settlement; this action being for
money due upon an express promise to pay a specified sum.
But the jury were instructed that the plaintiff could not
recover unless fifteen hundred dollars had been agreed

upon by the parties. It appears to me that the actual value of the property, and the question whether or not the plaintiff was then indebted to the defendant, are each distinct matters of fact, tending to show which of the parties told the truth, in narrating what occurred at the time of the dissolution. And I think this was properly permitted to go to the jury as circumstantial evidence tending to ascertain the truth in regard to the principal question in issue.

Upon the fourth and fifth grounds, I think the verdict should be set aside. There was no evidence tending to show that more than $35 was paid by the defendant at or after the sale of the property. And if the plaintiff established the fact alleged in the complaint, that the defendant promised to pay $1,500 for the property and business assigned, he was entitled to recover at least $1,465. The jury returned a verdict for $800; and the conclusion is irresistible that the jury disregarded the instructions given, and attempted to determine a matter that was not in issue. That instead of passing upon the question of fact, whether the defendant made the purchase at an agreed price of $1,500, the verdict was rendered with a view to determine thereby what was the probable value of the property, or what would have been equitable terms of settlement at the time. The instructions were explicit, that the plaintiff could only recover upon proof of the alleged settlement. That if a settlement was in fact made, all previous demands were canceled by, or merged in, the contract of settlement. Where it is evident that the jury, whether intentionally or inadvertently, have disregarded instructions to the detriment of a party, it is ground for a new trial.

The verdict should be set aside.*

---

* The cause was subsequently retried; and the plaintiff had a verdict for $1,465.