LEONARD HARRINGTON *vs.* DANIEL HARRINGTON, 2d, & another.

Under the Rev. Sts. *c.* 24, a town way may be legally laid out by selectmen, and ac‑ cepted by the town, though the warrant for the town meeting at which such way is accepted is dated and issued before the way is laid out.

Selectmen laid out a town way over the land of A., and awarded him damages, to be paid by B. before the road should be opened. The town voted to accept the re‑ port of the selectmen, on condition that B. should " build the road and pay all expenses of the same, and defend the town against all prosecutions." The damages awarded to A. were tendered to him before his land was entered upon. *Held*, that the way was legally established, and theiefore that A. could not maintain an action against those who entered upon his said land for the purpose of constructing the road.

TRESPASS for breaking and entering the plaintiff's close in Shrewsbury. The defendants pleaded the general issue, and, in defence, gave in evidence, on the trial before *Dewey*, J. that they went upon the plaintiff's land, at the time of the al‑ leged trespass, for the purpose of constructing a town road, which had, before that time, been laid out by the selectmen, and accepted by the town. To support this defence, they introduced the records of the town, from which it appeared, that on the 25th of April, 1839, a warrant was issued for a town meeting to be held on the 13th of May following, and that one article in said warrant was, " to hear the report of the selectmen in an alteration of town road, No. 20, near the house of Daniel Harrington, 2d, easterly to the town road lead‑ ing by Gershom Wheelock's house, and accept the same, if they see fit."

Before the issuing of said warrant, Daniel Harrington and others had petitioned the selectmen to lay out a town road be‑ tween the points mentioned in said article. On the day after said warrant was issued, the selectmen gave notice to the plain‑ tiff and other proprietors of lands over which said road was to pass, of the petition for the laying out of the road, and informed them that the 4th of May was appointed for laying it out, and that they would meet at the house of Daniel Harrington, 2d, at 6 o'clock, P. M., on that day. On said 4th of May, the

selectmen laid out said road, and made report thereof to the town at the meeting held, pursuant to said warrant, on the 13th of May.   In this report, the selectmen stated, (*inter alia*) that they had laid out the road over the plaintiff's land, and had appraised his damages at $12·50, " to be paid by Daniel Harrington, 2d," (one of the defendants,) " before said road is opened."   The damages of the other owners of land, over which said road was laid out, were also ordered to be paid by said Harrington, " as aforesaid."   This report was filed in the town clerk's office by the selectmen, seven days before said town meeting.   The entry in the town records was, tha; at said meeting, " the foregoing report was read to the town, and it was therefore voted, that the same be accepted on the following conditions ; to wit, that the said Daniel Harrington, 2d, shall build the said road, and pay all expenses of the same, and defend the town against all prosecutions ; and that all the selectmen be a committee to oversee the building of said road."

At the meeting at which said report was accepted, and also in the evening following, one of the selectmen tendered to the plaintiff the damages awarded to him.

The acts, which constitute the alleged trespass, were done by direction and in presence of the chairman of the selectmen, in the construction of said road.

The selectmen, in March, 1839, laid out a road over the same land, and made their report in the same terms as in their subsequent report above stated.   That report was accepted by the town ; but as it was not filed in the clerk's office, according to law, the selectmen, for that reason, laid out the road anew, upon a new petition, as above mentioned.

The plaintiff insisted, that the foregoing facts did not constitute a defence ; and the case was taken from the jury and reserved for the consideration of the whole court, under an agreement of the parties, that the defendants should be defaulted, or the plaintiff become nonsuit, as the court should order.

*C. Allen*, for the plaintiff.   The proceedings of the selectmen in laying out the road were void, as they were after the warrant was issued for calling a meeting to accept these pro·

ceedings. The warrant might well have been understood to refer to the former laying out of the road. *Kean* v. *Stetson*, 5 Pick. 492. *Howard* v. *Hutchinson*, 1 Fairf. 335. [See also 4 Shepley, 301.] The acceptance of the road, as laid out, was on conditions which the town had no authority to annex thereto, and was therefore void. But if those conditions were legal, yet they have not been performed.

*Washburn*, for the defendants. The case of *Kean* v. *Stetson* was under *St.* 1786, *c.* 67, which required no notice to a land-owner before laying out a town road over his land, and made no provision by which the inhabitants of the town could ascertain what the selectmen had done, until they should assemble in town meeting. The evils and defects of this and other statutes are corrected by the Rev. Sts. *c.* 24. By § 69, it is required that the laying out shall be filed in the town clerk's office seven days before the *meeting ;* not before issuing the *warrant* for the meeting. The statute has been complied with, in the present case, and all parties in interest have had the full benefit it was designed to afford them.

The objections, that the article in the warrant was not sufficiently explicit, and that the acceptance of the road by the town was conditional, are both answered by the case of *Jones* v. *Andover*, 9 Pick. 146. See also *Copeland* v. *Packard*, 16 Pick. 221.

As the defendants did the acts complained of under the authority of the town, trespass will not lie against them.

SHAW, C. J. In an action of trespass *quare clausum*, the defendants justify on the ground that a town way had been laid out over the close in question, by the selectmen of Shrewsbury, and ratified by a vote of the town, and that the defendants entered, under the direction of the selectmen, for the purpose of making the road. The plaintiff insists, that the proceedings of the selectmen and of the town were irregular, the laying out void, and that the defendants cannot justify under them.

The first exception is, that the warrant, for the meeting of the town to act upon the report of the selectmen, was dated and issued before the day on which the selectmen actually laid

out the road.    This is founded upon the authority of *Kean* v. *Stetson*, 5 Pick. 492.    That case was decided upon the construction of an earlier statute, differing essentially from the provisions of the existing law.    The great principle there decided is, that in laying out town ways and private ways, selectmen do not act as agents of the town, but as public functionaries vested with that power by law ; and that the authority of the town is simply to ratify or disaffirm their doings.    The selectmen, therefore, must take the first step ; they must first proceed to lay out the way, and then call upon the town to act upon their report.    By the law, as it then stood, no length of notice to persons interested was required to be given previous to the location, nor were the selectmen required to file the report of the location, any length of time before the town meeting, in any public place, to which the persons interested, and the voters of the town, might have access.    But now, by the Rev. Sts. *c.* 24, §§ 67 – 69, both these defects are remedied. Notice is to be given to parties, over whose lands a road is proposed, seven days before the day fixed for the location ; and the location, with the boundaries and admeasurements of the way, must be filed in the town-clerk's office, seven days before the meeting at which it is to be acted on.    If, therefore, the meeting is duly notified and warned to act upon the doings of the selectmen in laying out the way, it is sufficient, although the way has not been actually laid out when the warrant is dated ; because it must be laid out, and the report filed, seven days before the meeting ; and unless it is, the warrant will be merely nugatory and inoperative.

The second exception is, that the vote of the town, affirming the act of the selectmen, was conditional ; that the town had no authority to annex such conditions ; and that this rendered the vote void.

Upon the mere question, whether the annexing of a condition to the vote of the town affirming and ratifying the act of the selectmen, renders the vote invalid and the act void, we think *Jones* v. *Andover*, 9 Pick. 146, is a decisive authority.

In the present case, all the conditions, except that of paying

the damages for land, as part of the expenses, were in their nature conditions subsequent. The effect of a condition subsequent is not to prevent the act to which it is annexed from taking present effect; but it may defeat it afterwards, or be attended with other legal consequences. It is obvious, therefore, that the operation of such a vote was to give immediate effect to the act of the selectmen, and affirm the location of the way. If the condition was contrary to law, then the condition alone was void, and the vote would stand as if it were absolute and unconditional.

But the condition might have some effect. It may be that Daniel Harrington, 2d, had entered into some agreement to charge himself, or his heirs, or the estate which he held, (an agreement not now considered contrary to public policy,) and that the annexation of the condition was to recognize and accede to that agreement. This was matter between said Harrington and the town, and, we think, did not render void the act and vote of the town, affirming the location made by the selectmen, and establishing the way.

The third exception is, that the conditions were not complied with. We have already stated, that all the conditions were subsequent, and therefore previous compliance with them was not necessary to give effect to the vote, except the payment of damages for land taken; if, indeed, that is to be considered an exception. It appears by the facts in the present case, that the damages were repeatedly tendered to the party through whose land the road was laid, before the land was entered upon, and that he refused to accept the money. When a duty is to be performed, a condition or forfeiture saved, or a right established, by the payment of money, tender of the money is sufficient. It is not in the power of him who is to pay, to compel the other to receive the money. All he can do is to make a formal and legal tender; and in doing this, rights are saved, whether the other will accept or not.

We think, therefore, that none of the exceptions are well founded.

It was contended for the defendants, that even if there were

irregularities in the proceedings, they could not be taken advan-
tage of in this way, collaterally, and that there being a way *de
facto*, the persons employed by the town to make it could not
be proceeded against as trespassers.    This question we have
had no occasion to consider, and we give no opinion upon it.

*Plaintiff nonsuit.*