Argued February 14, affirmed March 5, 1918.

# CITY OF GRANTS PASS *v.* ROGUE RIVER PUBLIC SERVICE CORP.

(171 Pac. 400.)

**Statutes—Repeal—Constitutional Provision.**

1. Article IV, Section 20, of the Constitution, declares that every act shall embrace but one subject, and matters properly connected therewith, which subject shall be embraced in the title, but that if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to that subject. Act Feb. 28, 1913 (Laws 1913, p. 689), is entitled, "An act to provide for the organization and incorporation of cities and towns and to legalize such corporations as heretofore have attempted to be incorporated under Chapter 1 of Title XXVI of Lord's Oregon Laws, and are now exercising the functions of incorporated cities and towns under such attempted incorporation." Section 11 of the act expressly repealed Title 26, L. O. L. *Held,* that as the caption of the act of 1913 did not mention the repeal of any existing laws, and did not suggest any attempt to repeal any law or curtail the established privileges of any city or town, the attempted repeal of Title 26, L. O. L., was ineffective, save in so far as a change in procedure for incorporation of municipalities might work an implied repeal, and hence Sections 3211, 3229, giving privileges to municipalities, which were part of Title 26, were not repealed.

[As to the sufficiency of the title of a statute, see note in 64 Am. St. Rep. 70.]

**Municipal Corporations—Authority of Municipality—Charter.**

2. The powers of a municipality are not necessarily restricted to those expressed in its charter, and a municipality may rely on the general statutes applicable to all municipalities enacted prior to the grant of its charter.

**Municipal Corporations—Charter—Constitutional Provisions.**

3. Those constitutional provisions (Article XI, Section 2) adopted June 4, 1906, forbidding the legislature to enact, amend or repeal any charter or act of incorporation for any municipality or town, do not apply to a municipal corporation already chartered, and which under existing laws was entitled to exercise enumerated privileges.

**Damages — Municipal Corporations — Lighting Plants — Bonds — Recovery.**

4. A municipal corporation authorized by Sections 3211, 3229, L. O. L., to sue and be sued, contract and be contracted with, acquire, hold, possess, dispose of property, and to provide for the lighting of streets, and furnishing the city or town and the inhabitants thereof with gas or other lights as well as to allow the use of streets and alleys of the city to any person or corporation who may desire to establish works for supplying the city and its inhabitants with w ter, or lights, upon such reasonable terms as the council may prescribe, granted defendant corporation a franchise to erect poles and string wires in the streets of the town, the ordinance requiring defendant to give a bond conditioned that it should have a certain portion of its service in full operation within nine months after the grant of the franchise and should maintain it so as to furnish electricity adequate for light and power purposes. Defendant accepted the terms of the grant and accepted and executed its bond, but failed to erect poles or in any way to comply with the requirement that it should have a certain percentage of its service in full operation within nine months. *Held*, that the municipality might without proof of any special or actual damages recover the full amount of the undertaking.

From Josephine: FRANK M. CALKINS, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

By an ordinance adopted by its legal voters the City of Grants Pass granted a franchise to the defendant Rogue River Public Service Corporation to plant poles, string wires and do other things necessary for the establishment of an electric plant in that town. The ordinance required that the grantee give a bond to the municipality in the sum of $1,000 conditioned substantially that it should have a certain portion of its service in full operation within nine months after the date of the enactment and afterwards should maintain

it so as to furnish electricity adequate for light and power purposes.   The defendant accepted the terms of the grant and executed its bond as required, with the American Surety Company of New York as its surety. Nothing, however, was done by the defendant under the franchise at any time.   After the lapse of the nine months' period specified in the bond the city by an ordinance also adopted by the people  declared a forfeiture of the undertaking and  afterwards  brought this action to recover the amount named.   Each of the defendants filed a general demurrer to the complaint which being overruled they refused to plead  further and judgment followed for the face of the  bond and costs.   They have appealed.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. F. C. Howell* and *Mr. O. S. Blanchard,* with an oral argument by *Mr. Howell.*

For respondent there was a brief and an oral argument by *Mr. H. D. Norton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The plaintiff city operates under a charter enacted by the legislative assembly of the state in the form of an act approved February 16, 1901.   In the present juncture it relies for sanction of its action not only upon that enactment, but also upon the general statute of 1893 embodied in Title XXVI, L. O. L., Chapters 1–5 inclusive.   Section 3211, L. O. L., reads thus:

"Municipal corporations now existing in this state, or hereafter organized therein under this act, shall be bodies politic and corporate, under the name of the city or town, as the case may be, of ——, and as such may sue and be sued, contract and be contracted with, acquire, hold, possess, dispose of property  subject to the re-

strictions contained in this act or other laws of this state, have a common seal, and change or alter same at pleasure, and exercise such other powers and have such other privileges as are now conferred by law, or by this act, or which may hereafter be conferred by laws duly enacted by the legislative assembly of this state, and shall have perpetual succession.''

It is said also in Section 3229, L. O. L.:

''The mayor and aldermen shall compose the common council of any such city or town organized under this act, and at any regular meeting thereof shall have power to provide for lighting the streets, and furnishing such city or town and inhabitants thereof with gas or other lights, and with pure and wholesome water; and for such purposes may construct such water, gas or other works, within or without the city limits as may be necessary or convenient therefor, and may allow the use of the streets and alleys of the city to any person, company, or corporation who may desire to establish works for supplying the city and inhabitants thereof with such water or lights upon such reasonable terms and conditions as the council may prescribe.''

By the terms of the legislation of 1893, noted above, the privileges accorded by the latter section inured not only to municipalities created under the act itself, but also to all others of the kind then existing. We are not unmindful of the act of February 28, 1913, Laws of 1913, p. 689, the title of which reads thus:

''An Act to provide for the organization and incorporation of cities and towns and to legalize such corporations as heretofore have attempted to be incorporated under Chapter I of Title XXVI of Lord's Oregon Laws, and are now exercising the functions of incorporated cities and towns under such attempted incorporation.''

Section 11 thereof declares:

''Chapter 1 of Title XXVI of Lord's Oregon Laws and all acts and parts of acts in conflict therewith are hereby repealed.''

We here set down Article IV, Section 20, of the Constitution of the state:

"Every act shall embrace but one subject, and matters properly connected therewith, which subject shall be embraced in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

In the title of the act in question there is no hint whatever of any intention to repeal any law or to curtail the established privileges of any city or town. The right to contract and to prescribe the terms thereof was vested by that statute in all municipal corporations and no one reading the title in question could divine that the legislative body intended to cancel those rights. The principal features of the law appearing in the body thereof relate to the manner in which the creation of a new city or town may be initiated; and, so far as it actually and necessarily supersedes the former procedure, it would probably amount to a repeal by implication; but only so because we are advised by the title of the probable scope of the act, and not, however, of any proposed avulsion of long-settled rights. We hold, therefore, that as against the grant of the privileges mentioned the repealing words in Section 11 are void under the constitutional provision already noted because the subject of such repeal is not named in the title.

2. The defendants urge that the act of 1893 is not available to the plaintiff corporation, that it can operate solely by its charter, and that unless in this latter instrument it has express authority to exact a bond the attempt to do so is void and creates no liability upon the defendants although they disregarded the covenant thereof. It is true that by the strict letter of some

87 Or.—41

utterances of the court in cases heretofore under consideration color is given to such a contention for it is often said that a corporation is bound by its charter and cannot exceed the terms thereof. Without exception, however, in those cases a charter was confessedly the only source of corporate power then under judicial consideration. In our judgment it is not necessary that all the authority of any municipality shall be found in some one enactment of the legislative department of the state. That branch of the government is not restricted within such narrow terms as to require it to express all its will upon any subject in a single statute.

3. Neither is the question before us within the scope or prohibition of the later constitutional provisions forbidding the legislative assembly to enact, amend or repeal any charter or act of incorporation for any municipality, city or town. This constitutional measure was not adopted until June 4, 1906, while the privileges conferred by the actual charter of Grants Pass and by the act of 1893 were all promulgated long before. At that time at least it was not necessary that such a subject be treated as if the state should tender to a municipality a certain privilege which the latter could accept or reject as if it were a high contracting party. Then municipalities of the kind were under the sole control of the legislative department. The latter could award or withhold privileges, and without further ado the town could operate under the franchises thus conferred.

4. The resulting legislative situation is substantially like that portrayed in and governed by the case of the *City of Salem* v. *Anson,* 40 Or. 339 (67 Pac. 190, 91 Am. St. Rep. 485, 56 L. R. A. 169). In that instance Anson had procured a franchise from the city allow-

ing him the use of the streets and alleys for the purpose of establishing an electric light plant. The town exacted from him a bond almost precisely like the one in question in its general provisions. This court sustained the city in recovering the full amount of the undertaking, without being compelled to show that it had suffered any special or actual damages whatever. That case rules the present one. On its authority we affirm the judgment of the Circuit Court.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.