Argued January 25; affirmed February 7, 1933

# PORTLAND BASEBALL CLUB *v.* CITY OF PORTLAND ET AL.

(18 P. (2d) 811)

*John R. Latourette* and *Jay Bowerman,* both of Portland, for appellant.

*Frank S. Grant,* City Attorney, and *L. E. Latourette,* Deputy City Attorney both of Portland for respondents.

RAND, C. J.   On January 25, 1928, on petition of the plaintiff corporation, the council of the city of Portland passed an ordinance which, so far as material to this controversy, provided as follows:

"Section 2.   That all that portion of Wilson street lying between the west line of 24th street and the east line of 25th street, now within the corporate limits of the City of Portland, Multnomah county, Oregon, be and the same is hereby vacated and said vacation of said portion of said street is hereby made a matter of record, but it is hereby expressly provided that the petitioner shall, within ten days after the taking effect of this ordinance, pay into the city treasury the cost of obtaining the necessary changes and the public records so as to indicate as required by law such vacation; and it is hereby provided that the city auditor shall file with the county clerk of Multnomah county, a certified copy of this ordinance, and shall obtain from the county surveyor a proper entry on the plat records as provided by law. Nothing contained herein shall cause or require the removal or abandonment of any sewer, water main, conduit of any kind, wires, poles, or any other thing used or intended to be used

for any public service, and the right is hereby reserved to maintain, continue, repair, reconstruct, renew, replace, rebuild and/or enlarge any and all such things.

"Section 3. The foregoing vacation shall not be valid unless The Portland Baseball Club shall on or before May 1, 1931, fully construct, equip and open to the public a new grandstand, bleachers and clubhouse on the property owned by said club and devoted to the immediate use of said club, the total cost of all to be not less than $250,000.00, and which shall be constructed in accordance with the building and fire ordinances of the city of Portland. The failure of said The Portland Baseball Club to construct such a grandstand, bleachers and clubhouse within said time shall ipso facto void this vacation ordinance without any further action or notice upon the part of the council and shall ipso facto constitute a rededication of the area vacated by this ordinance as a street, and all rights secured under said vacation ordinance shall ipso facto become null and void. If The Portland Baseball Club, its successors and assigns, shall cease to use for baseball purposes the street area herein vacated, then and in that event, said vacated area shall revert and be restored to public use for street purposes and all rights, title and interest of The Portland Baseball Club acquired by this ordinance to said vacated area shall become null and void and the city shall have the right to open up, improve and use said vacated area for street purposes''.

After the passage of the ordinance, no attempt was made by plaintiff to perform the condition contained in section 3 thereof, and, after the expiration of the time limited therein, plaintiff refused to perform, claiming that the council had no power to annex a condition which, if not complied with, would render void its act in vacating the street and, therefore, the vacation was effective and the condition null and void. After said refusal by plaintiff to perform, the city proceeded

to open up that part of the street vacated and to remove therefrom certain fences and other structures belonging to plaintiff and thereupon plaintiff brought this suit to restrain the city from interfering with its use and enjoyment of that part of Wilson street, and, from a decree dismissing its suit, plaintiff has appealed.

■ In this state the rule is that where land has been dedicated or appropriated for a public street the fee in the street remains in the original owner subject only to the public easement and, upon the vacation of the street, it reverts to the owner of the abutting premises freed from the easement. See section 56-716, Oregon Code 1930. *Huddleston v. City of Eugene,* 34 Or. 343 (55 P. 868, 43 L. R. A. 444); *Kurtz v. Southern Pacific Company,* 80 Or. 213 (155 P. 367, 156 P. 794). Under the undisputed testimony, plaintiff is the sole owner of the abutting premises on both sides of that portion of the street conditionally vacated, and if the condition annexed to this ordinance was void, as contended for by plaintiff, the fee of the street became immediately vested in plaintiff freed of the public easement and the public easement thus lost could be restored only by condemnation, purchase or some contract entered into with the owner.

■ We think that it has generally been held that in the absence of statutory or charter authority, the city council is not authorized to impose restrictions or conditions to an ordinance vacating a public street. Our statute seems to confer that authority. Section 56-714, Oregon Code 1930, authorizes the county court to vacate public highways outside of incorporated cities, and provides that, if there is no opposition thereto, the county court "may vacate a highway with such re-

strictions as they may deem reasonable and for the public good,'' and section 56-715 provides that if there is opposition to such vacation, the other requirements of that section having been complied with, the county court "may, if in their opinion justice require it, grant the prayer of the petitioner, in whole or in part''. The powers thus conferred upon the county court are conferred upon the common council of an incorporated city by section 56-718, which provides that the council may vacate a public street "under the same restrictions and limitations as are contained in the foregoing provisions of this act''. These provisions, we think, confer the authority upon the council of the city of Portland to impose reasonable restrictions and limitations upon the act of vacating a public street within the city. The charter of the city also provides that the council shall have power to vacate a public street "in whole or in part''. See Portland charter and charter ordinances, 1926 Comp., p. 179, § 119. While the powers thus conferred by the charter are not as broad as those conferred by the statutes referred to, yet the council is not bound to look to the charter alone for its authority, for it may also exercise such additional powers as are conferred upon it by a general statute applicable alike to all incorporated cities within the state. *City of Grants Pass v. Rogue River Public Service Corp.*, 87 Or. 637 (171 P. 400).

In passing ordinances, a city council is acting in a legislative and not a judicial capacity. *New London v. Davis,* 73 N. H. 72 (59 Atl. 369). As there said: ''The release of the public right in a highway, involved in its discontinuance, is in its nature a legislative and not a judicial function, which may be directly performed by the legislative agents of the state''. The vacation of a street

or other public highway is the exercise of a power properly within the domain of the legislature and both by statute and by its charter, the city of Portland is authorized to exercise that power. In the exercise of its legislative power, when duly authorized thereto, and in respect to matters properly within its control, the council is limited only by some existing constitutional, statutory or charter provision, or some positive rule of law, and, in the absence of such provision or some positive rule of law forbidding it, the legislative power of the city in respect to such matters is the same as that of any other legislative body.

■ Plaintiff contends that the council had no authority to annex a condition subsequent to the ordinance and, therefore, the vacation was effective but the condition was void. "The effect of a condition subsequent", said Shaw, C. J., in *Harrington v. Harrington,* 42 Mass. 404, 406, "is not to prevent the act to which it is annexed from taking present effect; but it may defeat it afterwards, or be attended with other legal consequences". It is obvious that the passage of this ordinance was to give immediate effect to the vacation of the street and, if the condition was contrary to law, then the condition alone was void and the vacation would stand as if it were absolute and unconditional.

■■ The evidence shows that plaintiff had entered into an agreement with the city to charge itself with the duty, on or before May 1, 1931, "to fully construct, equip and open to the public a new grandstand, bleachers and club house on the property owned by said club, the total cost of all to be not less than $250,000". Such agreement was not contrary to public policy and the annexation of the condition was to recognize and accede to that agreement. Such an agreement is not con-

trary to law nor against public policy, and, therefore, the incorporation of it in the ordinance as a condition was not void since it affected no one but the contracting parties and was not unreasonable or contrary to public policy. It was a condition which the council had a right to annex to the ordinance and, since it was not complied with, the city had the right to restore the status quo by opening up the street, and it would seem the plaintiff is, and of right ought to be, estopped to deny the validity of the annexed condition.

For these reasons the decree of the lower court must be affirmed and it is so ordered.

CAMPBELL, BEAN AND BAILEY, JJ., concur.