Argued July 26, affirmed August 30, 1976

SIEGENTHALER, *Appellant,*

*v.*

NORTH TILLAMOOK COUNTY SANITARY
AUTHORITY et al, *Respondents.*

(No. 17-000, CA 5393)

553 P2d 1067

*James W. Morrell,* Portland, argued the cause for
appellant. With him on the briefs were Fitzgibbon &
Morrell, Portland.

*Paul Gerhardt,* Portland, argued the cause for respondent North Tillamook County Sanitary Authority. With him on the brief was Elizabeth Merrill, Tillamook.

No appearance for respondent Tillamook County.

Before Schwab, Chief Judge, and Fort and Thornton Judges.

THORNTON, J.

## THORNTON, J.

The plaintiff appeals from the decree of the trial court which refused to enjoin defendant North Tillamook County Sanitary Authority from constructing a sewage pumping station on certain land which plaintiff contends he and his late wife dedicated to the county for park purposes.

■ In 1910, S. G. Reed and Beulah K. Reed filed a plat with Tillamook County covering this area. Included in that plat was a dedication to the county for road purposes of a 100-foot wide strip running roughly parallel to the ocean beach which was designated "Pacific Boulevard" (see map). By the dedication the county received only an easement for the stated purpose.[1] It is undisputed that the parcel of land at issue here, the land on which defendant is building its pumping station, is a part of the strip dedicated to the county by the Reeds in 1910.

Sometime before 1950, plaintiff and his late wife acquired several lots (see map on following page; area marked "P") in this area.

In September of 1950, the plaintiff, along with several other landowners in the area, executed quit-claim deeds to the county of the disputed parcel, limiting its use to park purposes.

In December of 1950, the county vacated Pacific Boulevard. The vacated land, including the disputed parcel, remained unoccupied until 1972 when defendant Sanitary Authority expressed an interest in it as a possible site for a pumping station. The county then leased the disputed parcel to defendant. When defendant sought the conditional use permit necessary for it to build the pumping station on this parcel, several

---

[1] *See, Portland Baseball Club v. Portland,* 142 Or 13, 18 P2d 811 (1933); *Kurtz v. Southern Pacific Co.,* 80 Or 213, 155 P 367, 156 P 794 (1916); *Huddleston v. Eugene,* 34 Or 343, 55 P 868, 43 LRA 444 (1899).

landowners expressed disapproval, but the permit was granted. Then, for reasons not disclosed in the record, defendant Sanitary Authority brought a condemnation proceeding against the county to obtain the parcel outright. Plaintiff sought to intervene but his request was refused. The county allowed a default judgment to be entered and defendant obtained the parcel for $100. Plaintiff then brought this suit to enjoin construction of the pumping station.

Plaintiff's suit is based on the theory that his deed of September 1950 gave the disputed parcel to the county and limited its use to park purposes, and that any other use of the land is not permissible. He contends that when the county vacated Pacific Boulevard the disputed parcel, being a part of Pacific Boulevard, passed to him as the successor to the original dedicators of said boulevard, the Reeds. He claims that the quitclaim deed was effective to pass the disputed parcel to the county for park purposes even though it was prior to the vacation because he owned the underlying fee in Pacific Boulevard.

Plaintiff's contention that title to this street or road reverts to the successors of the original owners upon its vacation cannot be sustained. Under such circumstances title passes to the then abutting property owners. ORS 271.060(2), 271.140. *See, Fowler v. Gehrke,* 166 Or 239, 111 P2d 831 (1941). While in most cases the successors to the original dedicators will also be the abutting property owners, this is not always the case. Here another public street, namely, Nehalem Road, lies between plaintiff's property and the disputed parcel. While it is possible that by virtue of the 1910 dedication plaintiff's predecessors retained some interest in the fee underlying Nehalem Road, and it is even possible they retained some interest in a portion of that road abutting the vacated property, plaintiff has not attempted to prove this. Moreover, this court would not be able to make such a determination from the record before us in any event. Therefore, since plaintiff has not shown that any of his property abutted the vacated

property at the time of the 1950 vacation, he has established no interest in the disputed parcel. Plaintiff's 1950 quitclaim deed was then ineffective to pass any interest in the disputed parcel to the county and was likewise ineffective in restricting the county's use of that parcel. Accordingly, the court below properly denied plaintiff's requested injunctive relief.

Plaintiff's remaining assignment of error does not require discussion.

Affirmed.