Argued and submitted May 2, decided May 16, 1911.

## BROWN *v.* TRUAX.

[115 Pac. 597.]

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—COLLATERAL ATTACK.

1. A finding of the probate court that a certain person was dead and the appointment of an administrator, in the absence of contrary evidence, was conclusive of his death in the subsequent action by the administrator to recover property of the estate.

EXECUTORS AND ADMINISTRATORS — PRESENTATION OF CLAIMS — NECESSITY.

2. A claim for services rendered decedent by hauling wood under an oral agreement giving claimant a lien on the wood for his services should have been presented to the administrator before attempting to foreclose the lien; the claim not being of record.

LIENS—WAIVER.

3. One having a contract lien on wood for services in hauling it lost his lien by wrongful sale of the wood.

LIENS—ENFORCEMENT—EQUITABLE FORECLOSURE—NECESSITY.

4. Under Section 422, L. O. L., providing that a lien upon personalty, other than that of a judgment, whether created by mortgage or otherwise, shall be foreclosed and the property adjudged to be sold to satisfy the debt by a suit, a foreclosure by a suit in equity would be necessary to sell personalty to foreclose a contract lien thereon for services.

MASTER AND SERVANT—AMOUNT OF LIEN.

5. Under Section 7452, L. O. L., giving laborers a lien for "just and reasonable charges" for personal services, a laborer, to claim such lien, must prove that his charges were reasonable, and cannot rely upon the contract price.

REPLEVIN—ACTION—JURY QUESTION—OWNERSHIP OF PROPERTY.

6. Where, in claim and delivery to recover wood, the answer conceded the ownership of the wood to be in plaintiff, but claimed a lien thereon for services, it was not necessary to submit the question of ownership to the jury.

TRIAL—RECEPTION OF EVIDENCE—TRIAL—CONSTRUCTION OF RULINGS.

7. In claim and delivery by an administrator for wood purchased by defendant at a sale thereof to satisfy a lien for services for hauling, where it appeared that the sale was made by the hauler's father for him, counsel

offered to prove a statement of the father in relation to the scope of his authority in acting for his son, when the court said, "You cannot prove an agency by the agent, can you?" *Held,* that the ruling was not that the fact of the agency could not be proved by the agent's testimony, but merely an intimation that the unsworn declarations of the agent were not admissible to establish his agency.

EVIDENCE—EXPERT TESTIMONY—QUALIFICATION OF WITNESS—VALUE.
8. A witness who had not dealt in wood, but was the railroad station agent, and heard the market value of wood stated every day, was qualified to testify to the market value of wood.

REPLEVIN—RIGHT OF ACTION—DEMAND—NECESSITY.
9. Where defendant's possession is wrongful, no demand for the property is necessary before bringing claim and delivery therefor.

REPLEVIN—RIGHT OF ACTION—DEMAND—NECESSITY—CLAIM OF TITLE.
10. Where defendant in claim and delivery claims title to the property, proof of demand by plaintiff is not necessary.

JUDGMENT—RES JUDICATA.
11. A contempt proceeding in the name of the State on the complaint of an administrator charging one with contempt for withholding wood claimed to belong to the estate, which was dismissed upon the finding that the possessor was entitled to the possession of the wood to enforce his lien thereon, would not bar a subsequent action of claim and delivery by the administrator against the purchaser at a sale to enforce the lien.

From Union:  JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by Frank Brown, as administrator of the estate of William Dye, deceased, against Franklin Truax for claim and delivery arising out of the following facts:  In October, 1908, William Dye was the owner of a quantity of cordwood, situated near Kamela, Union County, and entered into a contract with Denver Charlton to haul and deliver it at the railroad track at Kamela at the agreed price of $1.50 per cord.  It was agreed that Charlton should hold possession of the wood until the price of hauling should be paid.  In December, 1908, Dye disappeared, and in May following portions of his dead body were found and identified, and plaintiff was appointed his administrator.  The hauling was not completed at the time of Dye's disappearance, but about 30 or 40 cords were hauled thereafter, but without any knowledge by Charlton of the death of Dye.  About April

1, 1909, Denver Charlton left the state, and before departing placed his father, H. K. Charlton, in possession of the wood, with instructions to hold it for him as security for his claim. The administrator subsequently demanded possession from H. K. Charlton, who refused to deliver the wood, and thereupon he filed in the county court a complaint in the name of the State, with himself as relator, charging Charlton with contempt; and while Charlton was absent, attending to contempt charges, the administrator sold, and caused to be shipped away, all but 92 cords of the wood. The county court dismissed the contempt charge, and found that Charlton was entitled to hold possession of the property to enforce his son's lien. Thereupon Charlton advertised the wood for sale, at auction, to satisfy the lien, and defendant became the purchaser at $4.00 per cord.

Plaintiff brought this action to recover the property and for damages. No demand for possession of the property was made upon defendant before the action was begun. Defendant answered, pleading (1) the general issue; (2) setting up the contract between Dye and Denver Charlton, and claiming a lien by virtue of such contract and also by virtue of Section 7452, L. O. L., giving a possessory lien to laborers and others for their just and reasonable charges for labor performed. At the close of the testimony, the court directed the jury to find a verdict for the plaintiff for whatever they should find to be the value of the wood. Other facts appear in the opinion. Defendant appeals.       AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Turner Oliver.*

For respondent there was a brief and oral arguments by *Mr. Charles E. Cochran* and *Mr. George T. Cochran.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

We are compelled to affirm the judgment in this case.

1. The finding of the probate court that Dye was dead and the appointment of an administrator was, in the absence of any evidence to the contrary, conclusive proof of that fact.

2. We think the evidence tended to show that Denver Charlton had a lien both by agreement and under Section 7452, L. O. L., but not being of record a claim, should have been presented to the administrator before any attempt was made to foreclose. In *Teel* v. *Winston,* 22 Or. 489 (29 Pac. 142), this court held that a mortgage claim against real property could be foreclosed without presentation and the authorities are fairly uniform that mechanic's lien claims and other claims of record need not be presented for allowance. But claims of the character of the one at bar arising by operation of law or existing in parol, and without any written evidence of their validity, rest upon a different principle. The mortgage or mechanic's lien claim is of record, and therefore notice to the administrator of the nature and extent of it, so that he can seasonably prepare to meet it or apply to the court for permission to redeem it. The laborer's lien claim very often is unliquidated and never necessarily notice to the administrator of its existence or amount. The policy of the law imperatively requires that such claims be presented. By thus presenting them the claimant waives no right whatever, and may thereafter proceed to enforce his lien: *Casey* v. *Ault,* 4 Wash. 167 (29 Pac. 1048), is a case in point, and we adopt the reasoning of that case as applicable to this.

3. It follows, therefore, that in attempting to sell the property without first presenting his claim, Charlton committed a wrongful act, and his lien was lost when he parted with possession of the property.

4. If this should be treated as a lien by contract, there could be no sale of the property without a foreclosure by suit in equity. Section 422, L. O. L.

5. Treating it as a laborer's lien under Section 7452, L. O. L., neither the answer nor the proofs come up to the standard required by this section. The law provides that the laborer shall have a lien for "his just and reasonable charges." There is nothing in defendant's answer nor in his evidence alleging or attempting to prove the reasonableness of the sum claimed by Denver Charlton. He relies wholly upon an alleged contract. It is like the case of one who sues upon an express contract and seeks to recover upon a *quantum meruit.*

6. It is claimed that the court erred in not submitting to the jury the question of the ownership of the wood, but this was conceded in the answer. The defendant attempted to justify by alleging the wood to be the property of Dye, alleging a special property in or lien upon it by virtue of his contract with Dye and services rendered thereunder. The ownership of the property being conceded to be in Dye, and the finding of the county court as to Dye's death being conclusive in this case, and the appointment of the plaintiff as administrator being shown by the proper record evidence, it was the duty of the court to interpret these documents and ascertain their legal effect, which it did.

7. It is claimed that the court erred in holding that the fact of agency could not be proved by the testimony of the agent, but we do not so understand the ruling. Counsel attempted to prove what H. K. Charlton had said to a witness in relation to the scope of his authority to act for Denver Charlton, when the court said:

"You can't prove an agency by the agent, can you Mr. Oliver?"

The remark, taken in connection with what was before the court, was evidently merely an intimation that it was not permissible to prove the unsworn declarations of an agent to establish the fact of his agency. The testimony apparently was allowed to stand, though it was

clearly inadmissible. We have treated this case as though
the agency of H. K. Charlton was clearly proved, as we
think it was; but, giving this fact its greatest effect, it
could make no difference in this case.

It is urged that Brown stood by and permitted defend-
ant to purchase the wood, and that thereby he is estopped
from now claiming it, but no such estoppel is pleaded or
proved. Plaintiff did no act calculated to mislead defend-
ant, nor is there any testimony that he even knew that
the sale was to be made.

8. It is contended that the witness Seaman was not
qualified to testify as to the market value of the wood.
He testified that he was the station agent at Kamela;
that he had not dealt in wood himself; that he knew
its market value; that he heard it every day; that he
heard people making bargains on a number of occasions,
though he had made none himself. We think this was
sufficient to qualify him; besides, the jury fixed the price
of the wood at $4.00 per cord, the lowest price quoted
by defendant's witnesses.

9. It is also claimed that plaintiff cannot recover in
this action by reason of having failed to allege and prove
demand upon defendant for the property. The act of
Charlton in selling the wood being a wrongful act, defend-
ant's possession was wrongful, and no demand was
necessary: *Surles* v. *Sweeney*, 11 Or. 21 (4 Pac. 469).

10. Moreover, the defendant in his answer claims the
title to the property, and, where such is the condition of
the pleadings, no proof of demand is necessary: *Smith
& Co.* v. *McLean*, 24 Iowa, 322; *Homan* v. *Laboo*, 1 Neb.
204; *Shoemaker, Miller & Co.* v. *Simpson*, 16 Kan. 43.

11. It is contended that the judgment of the court in
the contempt proceeding is a bar to this action, but it
cannot have this effect. It was brought in the name
of the state and was *quasi* criminal, and the only valid

judgment that could have been rendered was that Charlton was not guilty of the contempt charged. The court could not in such a proceeding adjudicate any property right. It was not between the administrator and Charlton, but between the state and Charlton, and cannot bind any party to this proceeding.

Finding no error, the judgment of the circuit court is affirmed.                                         AFFIRMED.