Argued June 9, affirmed July 6, rehearing denied July 27, 1920.

## LIND v. BOULIN.

(190 Pac. 1103.)

**Replevin—Pleading—Equitable Defense—Statute.**

1. In replevin action by seller against buyer, who pleaded an equitable defense under Section 390, L. O. L., as amended by Laws of 1917, page 126, decree giving plaintiff possession with the right in defendant to acquire ownership by completing payments *held* proper under the pleadings and the statute.

**Replevin—Evidence—When a Demand is Unnecessary.**

2. In replevin, where defendant claimed title in himself, it was unnecessary for plaintiff to prove a demand.

**Pleading—Amendment—Refusal to Permit—Changing Defense.**

3. Under Section 102, L. O. L., where defendant asked for an accounting under allegations as to the contract entitling him to certain price per yard for transportation of building materials, court properly refused to permit him to amend answer so as to allege contract requiring plaintiff to supply him with sufficient work to enable him to make the payments on an automobile truck and violation of such agreement by plaintiff entitling him to damages; such amendment substantially changing the defense and injecting an entirely new issue.

From Multnomah: George R. Bagley, Judge.

Department 1.

This proceeding began as an action at law, to replevy a certain motor truck which the complaint alleges had been wrongfully taken by the defendant.

The defendant, in accordance with the provisions of Section 390, L. O. L., as amended in Chapter 95, Laws of 1917, filed his answer, wherein, after a general denial, an equitable defense is pleaded, which, in brief, is to the effect that in 1914 plaintiff was a contractor in Bellingham, Washington, for whom defendant began working with a Standard truck, hauling construction materials for certain highways, under an agreement that plaintiff was to make ad-

vances and pay certain expenses for defendant, and keep just accounts of his earnings, and that defendant continued so to work until May 21, 1917, when he traded in his Standard truck for the Velie truck which is the subject of this suit. When this trade was made, he avers that plaintiff made certain advances to defendant, enabling him to make his payments on the truck. Thereafter he continued to work for plaintiff, who agreed to keep him and his truck occupied, but ceased to employ him in the summer of 1918, whereupon he drove his truck to his home in Portland. It is further alleged that plaintiff has failed to keep just and true accounts between the parties, and has not credited him with the customary and reasonable hire for his work, and has charged him with interest on sums which he does not owe. It is also alleged that plaintiff paid for defendant, among other items, $331.94, which was then due from defendant to the Copeland Lumber Company, upon a note and mortgage which was by plaintiff charged to defendant's account, but that plaintiff refuses to satisfy the mortgage upon the records. The prayer is for an accounting and a decree awarding to defendant the sum found to be due, and satisfying upon the records the mortgage.

A reply having joined issue upon equitable matters set up in the answer, a trial was had as in equity, and the court made and entered a decree as follows:

"It is ordered, adjudged, and decreed that the plaintiff is the owner of and is entitled to the immediate possession of that certain Model 26–A Velie 3½-ton truck, with 148 inch wheel base, with dump body attachments, chassis No. 108, engine No. 13065–E.

"It is further ordered, adjudged, and decreed that the Sheriff of Multnomah County, Oregon, be and

he hereby is ordered and directed to deliver the possession of said truck to the plaintiff forthwith.

"It is further ordered, adjudged, and decreed that, in the event the defendant shall pay to the plaintiff on or before thirty days from the date of this decree the sum of $2,962.09, that he shall have the right to purchase said truck from the plaintiff, and upon the payment of said sum of money within said time the plaintiff be and hereby is required to deliver a bill of sale of said truck to the defendant and thereby transfer an unincumbered title to said truck to the defendant.

"It is further ordered, adjudged, and decreed that, in the event the defendant fails, neglects, or refuses to pay said sum of $2,962.09 to the plaintiff on or before thirty days from the date of this decree, all of the right of the defendant to purchase said truck shall cease and determine, and that defendant shall have no further interest therein.

"It is further ordered, adjudged, and decreed that the plaintiff do have and recover of and from the defendant his costs and disbursements herein, taxed at the sum of $ ———."

From this decree defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Sanderson Reed.*

For respondent there was a brief over the name of *Messrs. Dey, Hampson & Nelson,* with an oral argument by *Mr. A. A. Hampson.*

BENSON, J.—Defendant contends that, since plaintiff has not prayed for affirmative relief, the court exceeded its power in granting him a decree of strict foreclosure. This proceeding was begun as a replevin action, and the defendant followed the procedure set out in Chapter 95, Laws of 1917, by

pleading an equitable defense, and asking for an
accounting, and plaintiff replied, without any specific
prayer for equitable relief. The amendment of 1917
was designed to relieve a defendant, having an equi-
table defense, from the necessity of filing a complaint
in the nature of a cross-bill, and permits him to set
up such defense in an answer to the complaint. The
amendment provides that:

"Equitable relief respecting the subject matter of
the suit may thus be obtained by answer, and equi-
table defenses to new matter contained in the answer
may thus be asserted by reply. When such equitable
matter is interposed, the proceedings at law shall be
stayed, and the case shall thereafter proceed until
the determination of the issues thus raised as a suit
in equity by which the proceedings at law may be
perpetually enjoined or allowed to proceed in accord-
ance with the final decree, or such equitable relief as
is proper may be given to either party."

1. It will be noted that the statute gives a large
discretion to the trial court, and properly so. In the
case at bar the complaint alleged the ownership of
the truck to be in plaintiff, with the right of im-
mediate possession, which was demanded. The an-
swer denied every allegation of the complaint, alleged
ownership of the truck and right of immediate pos-
session in defendant, alleging further that, if an
accounting should be had between the parties, it
would develop that defendant had paid all of his ob-
ligations to plaintiff, and that he would be entitled
to recover moneys from him. The reply joined issue
thereon, and the case proceeded as a suit in equity,
wherein the court found that plaintiff had purchased
the truck, taking title in himself, and had agreed to
sell it to defendant at cost, giving defendant time
in which to make the payments. It was further found

that, without having made the required payments, defendant wrongfully took possession of the truck and conveyed it from Bellingham, Washington, to Portland, Oregon. An accounting was had, wherein it was determined that, while the defendant had made some payments on the purchase price, he still lacked $2,962.09 of having paid the price which would entitle him to any ownership in the property. If these findings are justified by the evidence, the court might have been content to do no more than to award the immediate possession of the car to the plaintiff, but this course would not have been just as to the defendant, and so, in a spirit of fairness, the decree gives him additional time in which to make his payments and acquire ownership of the property. This, we think, was clearly within the province of the court, under the pleadings and the statute.

2. It is next urged that the evidence does not sustain the allegation that the taking by defendant was wrongful, and that there is no evidence of any demand for the return of the property. It is conceded, of course, that, if the taking was wrongful, no demand for the return is necessary. The evidence as to whether or not the taking was wrongful is to some extent conflicting and uncertain, but it appears from the defendant's answer that he claims title in himself, and the right of possession, a situation which relieves the plaintiff from the necessity of proving a demand: *Brown* v. *Truax,* 58 Or. 572 (115 Pac. 597).

3. It appears from the record that the work done by defendant for plaintiff, after the purchase of the Velie truck, was done at the agreed price $1.52½ per yard, for all of which it is agreed that defendant had received credit. However, defendant sought to show that it was also agreed that he should be supplied

with sufficient work at that rate to enable him to make his payments on the truck, and that plaintiff had violated this part of the contract by employing so many trucks that there was not work enough to keep defendant occupied, and that therefore he should be credited with the reasonable value of his services, which he claimed to be $2.50 per hour. In support of this position, defendant, during the trial, asked leave to amend his answer to include allegations of such breach of the agreement. The denial of this application is assigned as error. The defendant's answer is based upon an express contract, which he seeks to have enforced, but by the proposed amendment he would add a new issue, in the form of a breach of contract and damages therefor. Section 102, L. O. L., provides that during the trial amendments to pleadings may be allowed which do not substantially change the cause of action or defense. The amendment in question does substantially change the defense, and injects an entirely new issue, and was properly denied.

We have carefully analyzed the evidence in the case, and are satisfied that the findings made by the trial court are fully justified thereby. The decree is therefore affirmed, with the provision that the thirty days allowed defendant in which to complete his purchase of the truck shall begin with the date when the mandate herein is entered in the lower court.

AFFIRMED.   REHEARING DENIED.

McBRIDE, C. J., and HARRIS and BURNETT, JJ., concur.