Argued October 6; affirmed November 24, 1931; motion to modify decree denied January 26, 1932

## FISCHER BROS. MILLING CO. *v.*
## LAWRENCE WAREHOUSE CO.

(4 P. (2d) 1117)

*C. M. Huddleston,* of Corvallis (Middlekauff & Huddleston, of Corvallis, on the brief), for appellant.

*Wilber Henderson,* of Portland, for respondent.

RAND, J. Plaintiff was indebted to defendant for certain expenses and charges incurred in storing a quantity of flour in defendant's warehouse. Without tendering or offering to pay the same, plaintiff brought an action of claim and delivery to recover possession of the flour. Defendant answered the complaint, setting

up that it had a lien upon the flour for the charges and expenses it had incurred as a warehouseman in storing the same and that it was entitled to the possession thereof until such charges and expenses were paid, and prayed for the foreclosure of its lien. Plaintiff demurred to the answer on the ground that it "does not state facts sufficient to constitute a defense or counter-claim or cross-complaint in equity." The demurrer was overruled and plaintiff was granted 20 days in which to reply. No reply having been filed, plaintiff was later adjudged to be in default and a decree entered foreclosing the lien, and plaintiff appealed.

■ On the argument it was contended that an equitable defense can not be set up or maintained in a replevin action. That contention is overruled by *Lind v. Boulin,* 97 Or. 232 (190 P. 1103), and *J. C. Corbin Co. v. Preston,* 109 Or. 230 (212 P. 541, 218 P. 917).

■ It was also contended that since under section 71-230, Oregon Code 1930, "A warehouseman having a lien valid against the person demanding the goods may refuse to deliver the goods to him until the lien is satisfied," defendant had a complete legal defense to the action, and, hence, no equitable defense could be maintained. By setting up its equitable defense and securing a foreclosure of its lien in one proceeding, defendant obtained an adequate and complete remedy and thereby avoided a multiplicity of suits. It has been uniformly held in this state that:

"* * * The fact that a party can avail himself of a remedy in a court of law will not preclude him from obtaining relief in a court of equity unless the legal remedy in respect to the final relief and the mode of securing it, is as efficient as the remedy which a court

of equity can afford under the same circumstances." *Pearson v. Richards,* 106 Or. 78 (211 P. 167), and cases there cited. Also see *Coppock·v. Roberts,* 116 Or. 253 (240 P. 886).

Plaintiff also contends that, since the uniform warehouse receipts act provides for the foreclosure without suit of a warehouseman's lien, that remedy is exclusive. The act itself provides to the contrary. See section 71-234, Oregon Code 1930.

Other contentions were urged but they have no relation to the questions raised by the demurrer, besides they are wholly without merit.

Finding no error, the decree is affirmed.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.