Argued April 24; affirmed and remanded May 8; rehearing denied May 29, 1945

# ADAMS *v.* McMICKLE
### (158 P. (2d) 648)

460

Before BELT, Chief Justice, and ROSSMAN, KELLY, BAILEY, LUSK, BRAND and HAY, Associate Justices.

*Ross Farnham,* of Bend, for appellant.

*H. H. DeArmond,* of Bend, and *Thomas Boeke,* of Redmond (DeArmond & Goodrich, of Bend, on the brief), for respondent.

KELLY, J.

Suit for a decree requiring defendant, who was the plaintiff in a claim and delivery action against plaintiff herein, to accept the value of certain personal property consisting of buildings as found by the verdict of the jury in said action of claim and delivery and the costs awarded therein or the amount unpaid upon a conditional sales contract therefor in full settlement and discharge of the judgment in said action. A motion to strike parts of plaintiff's amended complaint having been denied and a demurrer thereto having been overruled, defendant declined to plead further, whereupon a decree in favor of plaintiff was rendered from which defendant appeals.

KELLY, J.

The controlling question here is whether the allegations of plaintiff's amended complaint state grounds upon which a court of equity should require a successful plaintiff in an action of claim and delivery to forego

his right to the possession of the personal property involved in such action and in lieu thereof accept a money payment either in the amount of the alternative judgment therefor allowed by the verdict of the jury and the costs and disbursements of said action, or in the aggregate amount of the unpaid part of the purchase price of said personal property and accruing interest as provided in a conditional sales contract therefor executed by the defendant herein to the plaintiff under which contract plaintiff obtained possession of said personal property.

■ The motion to strike parts of plaintiff's amended complaint and the general demurrer thereto were filed at the same time. The effect of such a course is to restrict the consideration of the court to the question whether error was committed by the trial court in overruling defendant's demurrer.

Paragraph I of plaintiff's amended complaint alleges the execution by the parties hereto of the conditional sales contract for the purchase by plaintiff and the sale by defendant for the consideration of $1500 of the property involved in said action of claim and delivery, namely: three frame warehouse buildings, one of which was approximately 16′ by 36′, another 50′ by 100′, and the third, approximately 14′ by 20′.

Paragraph II alleges that said buildings were located upon ground leased from the Oregon Trunk Railway Company.

Among other things, it is alleged in paragraph VI of plaintiff's amended complaint that on March 19, 1942, defendant herein instituted an action of claim and delivery to recover of plaintiff herein possession of said property and that in said proceeding a judgment

was thereafter made and entered against the plaintiff herein in favor of defendant herein awarding to said defendant the said buildings, or in case possession thereof could not be had then the sum of sixteen hundred dollars in cash.

It is also alleged in said paragraph VI that the issues in said claim and delivery action were confined to the right of possession of the buildings originally sold under said contract by defendant to plaintiff, and that the equitable ownership of said buildings by plaintiff, arising under said contract of sale, was not involved or determined in said action at law.

Paragraphs III, IV, V, VII, VIII and IX of said amended complaint are as follows:

"III

That thereafter and subsequent to the execution of said contract, the plaintiff leased from the said Oregon Trunk Railway Company, the premises upon which said buildings were located, and later leased additional ground from said Railway Company, upon which portions of the enlargements and extensions made to or in connection with said buildings, by the plaintiff, since the execution of said contract, as is more specifically hereinafter alleged, are located.

IV

That said buildings so constructed to be sold by defendant to plaintiff, as hereinbefore mentioned, were of light, frame construction, without basement or loading facilities, and that thereafter, and in order to make said buildings more useful for the business of plaintiff, this plaintiff made improvements and additions to said buildings, as follows, to-wit: Concrete basement of dimensions 50′ x 100′, loading platform, dimensions 125′ x 30′, an additional building, constructed adjacent to and incorpo-

rated with the said building, 40 ft. x 50 ft. in size hereinbefore mentioned, and put in and installed electric wiring and equipment to furnish light and power for the business; purchased and installed an elevator, insallled [sic] water system, built septic tank and well, and made various other improvements, which said addition was located on a lot or lots leased by the plaintiff from the railway company, in addition to the ones covered by said contract, and for which the defendant, at the time of the making of said contract, held a lease. Said improvements, additions and alterations were constructed by plaintiff, at a cost greatly in excess of the price contracted by plaintiff to be paid to defendant, to-wit: the sum of $7600.00, and that as a result of said alterations, additions and improvements, the buildings contracted to be sold by defendant to plaintiff have been greatly changed in their nature and usefulness, and in combination with the buildings, alterations and improvements constructed by plaintiff, of which they form but a small part, now constitute a warehouse and turkey packing plant of great usefulness and value, in which the buildings so contracted to be sold to plaintiff by defendant form a minor portion which cannot be separated and removed without injuring and destroying and rendering useless, the remainder of the improvements on said premises, to the irreparable damage of the plaintiff.

V

That subsequent to the execution of said contract providing for the sale of said buildings by defendant to plaintiff, and on or about the —— day of February, 1940, the defendant told plaintiff the defendant would expect no further payments upon said contract, and was at that time giving to plaintiff, without further payment or consideration, all of defendant's right, title and interest in said buildings, and that the plaintiff believed, at the time of the making of said gift and statements, that they

were made in good faith by the defendant, and that acting and relying thereon, the plaintiff did not pay the principal sum remaining unpaid on said contract. That notwithstanding the fact that the defendant did actually give to the plaintiff, said property described in the contract, and waived any further payments thereon, the plaintiff does not now desire to accept the gratuitous gift, and is willing now, to pay all the remaining unpaid balance of said contract, both principal and interest.

## VII

That it is impossible and has proven impossible for said judgment to be carried into effect by giving defendant possession of said building, for the following reasons, to-wit: That said buildings covered by said contract are joined to and with the other alterations and improvements constructed by plaintiff upon said premises as hereinbefore related, and removal of said buildings by defendant would result in the total destruction of said buildings covered by said contract, and as an incident thereto, would destroy and render useless, the buildings, alterations and improvements constructed on said premises by the plaintiff; for the further reason that the said buildings are located upon premises owned by the Oregon Trunk Railway Company, as hereinbefore mentioned, and under lease to this plaintiff, and that this plaintiff now has a tenant in possession of said real premises, and it is impossible for defendant to take possession of said buildings or to use said buildings, without interfering with and destroying the use of said real premises by said tenant. That the defendant, realizing the impossibility of enforcing said judgment for the possession of said buildings, has been harassing and threatening said tenant, with demands for the payment of rental for said buildings and said real property. That the lease above mentioned, from said railway company to plaintiff, is of great value, and plaintiff cannot relinquish said lease to de-

fendant, without great loss to plaintiff. That said lease was not involved in said action at law, and is now owned solely by plaintiff, subject to sub-lease to said tenant.

### VIII

That it would be inequitable for the defendant to take possession of the said buildings in the only manner possible, that is, by destroying and removing the same, and that plaintiff has no speedy and adequate remedy at law.

### IX

That the plaintiff has been and is now able, ready and willing to pay the unpaid balance on said contract, together with accrued interest, or to pay the amount of said judgment and accrued interest, and herewith tenders into court, the sum of $2,000 for the payment of either, as the court may decide.''

■ This court has clearly defined the circumstances under which the losing party in a claim and delivery action is entitled to have the judgment therein satisfied upon payment of the adjudicated value of the property involved.

"If the property recovered has been lost or destroyed or if it is impossible for any reason to obtain a return of the property, then the judgment will be satisfied by a money payment of the value of the property recovered, * * *." *McIntosh Livestock Co. v. Buffington,* 108 Or. 358, 366, 217 P. 635, 638.

As we understand plaintiff's pleading, plaintiff is not confining his claim to relief in equity to the fact that it is impossible to return possession of the property, which was the subject of the claim and delivery action, to defendant herein who was plaintiff in said action, nor does he restrict the terms upon which such relief should be awarded merely to the payment by

plaintiff herein to defendant of the amount of the alternative money judgment recovered by defendant herein in said claim and delivery action.

In effect plaintiff claims that to permit defendant herein to take possession of the property awarded in the claim and delivery action would result in the destruction of other property which has cost plaintiff $7600.00, or more than five times the original purchase price of the property constituting the res involved in the claim and delivery proceeding. Such a result certainly would be unconscionable.

It is suggested by defendant that by instituting this suit plaintiff is seeking to have the court make a new contract between the parties hereto. We do not so understand the purpose of this suit. As we view it, this suit has for its object the prevention of useless and unwarranted damage to and injury of plaintiff's property.

■■ The latest expression by this court upon the subject is to the effect that an equitable defense may be set up or maintained in an action of claim and delivery. *Fischer Bros. Milling Co. v. Lawrence Warehouse Co.,* 138 Or. 439, 440, 4 P. (2d) 1117. It is settled law in Oregon, however, that a defendant in a law action, who is entitled to equitable relief, may try out defenses at law, and, if unsuccessful, urge grounds for relief by proper suit. *Taylor v. Winn,* 104 Or. 383, 386, 207 P. 1096; *Churchill v. Meade,* 92 Or. 626, 632, 182 P. 368.

We think that plaintiff's amended complaint states facts, which, if true, would entitle plaintiff to equitable relief by requiring defendant to refrain from attempting to recover possession of the property involved in said claim and delivery action but instead thereof

awarding to defendant herein a money judgment which will compensate him for the unpaid portion of the original purchase price of said property with interest and costs of litigation to be paid to defendant herein by plaintiff at such time as the trial court may deem proper as a condition precedent to the full and complete settlement and discharge of the judgment now in effect as a result of said claim and delivery proceeding.

■ We are also of the opinion that defendant acted in good faith in declining to plead further until the question here involved could be heard on appeal and therefore defendant should have an opportunity to answer plaintiff's amended complaint and if issue is joined thereupon a trial should be had, and a decree based upon the evidence then presented should be rendered.

The order of the trial court awarding a decree in favor of plaintiff is vacated and this cause is remanded for such further proceedings as may not be inconsistent herewith, the costs to abide the event.

BAILEY, LUSK and BRAND, JJ., dissent.