GEORGE W. SNYDER, Appellant, *v.* JAMES A. VANNOY and BENJAMIN HYLAND, Appellees.

## Appeal.—Lane County.

1. A Court of Chancery will not set aside a judgment at law, unless there be actual and specific fraud, accident, surprise, or mistake, alleged in the bill.
2. A Court of Chancery will not set aside a judgment at law where it appears, by the bill, that the matters complained of could have been properly interposed in the suit at law.

THIS is a proceeding in chancery, and the bill states, substantially, the following facts : First, that in June, 1859, Snyder, having a promissory note on Vannoy, payable to his (Snyder's) order, for about nineteen hundred dollars, on which there was due a balance of about one thousand dollars, delivered said note to Hyland, without being endorsed, to present to Vannoy for payment, Hyland having at the same time a note of his own on Vannoy. Hyland brought suit in his own name on both notes ; that is, his own note and Snyder's note, which was not endorsed, as stated above, including both notes in the same action against Vannoy.

Hyland then settled this suit with Vannoy, giving him a receipt in full discharge of both notes. Soon afterward, Hyland returned to Snyder his note on Vannoy, with two hundred and ten dollars endorsed on it, which amount he told Snyder he had collected on the note, and he accounted to Snyder for the same; at the same time telling Snyder that the balance was yet unpaid. Snyder then brought suit on the note against Vannoy in the Circuit Court of Josephine County.

Vannoy answered, that he had fully paid said note to Hyland, (the agent of Snyder,) and set up some other payments ; and issue was taken on this answer, and the case tried in the Circuit Court of said county, and a verdict found for the defendant, Vannoy, and judgment entered thereon.

And now it is claimed, that this judgment should be set aside by this court, and Snyder have a decree against Vannoy and Hyland for the amount of said note.

The bill declares there was fraud in obtaining said judgment, in this, that the receipt, (mentioned above,) given by Hyland to Vannoy in settling the first suit mentioned, (to wit, the suit of *Hyland* v. *Vannoy*,) was permitted to be given in evidence to the jury.

The bill further charges collusion between Hyland and Vannoy; but there are other specific charges of fraud.

Defendant, Vannoy, demurred to plaintiff's bill, which demurrer was sustained by the court below, and the cause comes here on demurrer.

*G. H. Cartter*, for appellant.

*G. H. Williams*, for appellee.

Boise, J. The question is, should this court, on such a showing, set aside the judgment of the Circuit Court of Josephine County, in the case at law between Snyder and Vannoy, and decree a collection of the note.

A Court of Chancery may, on a proper case made, showing fraud, accident, surprise or mistake, interfere and set aside a judgment of a court at law. But there must be a specific fraud, accident, mistake or surprise stated in the bill with sufficient clearness, to show in what the fraud, accident, surprise or mistake consists. In this case, the only thing specifically alleged is, that there was a receipt given by Hyland to Vannoy against this note, admitted to the jury in evidence, by which the plaintiff was injured.

Now, this receipt would not have been proper evidence to defeat Snyder in that case, unless Hyland was first proved to be the agent of Snyder, at the time the receipt was given, with authority to execute the same in discharge of the note. If such receipt was improperly received in evidence by the court in that case, Snyder had his remedy by objecting to

the admission of such evidence. Such not having been done, we are to presume the court that tried the cause had proper authority for admitting the receipt.

It seems, therefore, that so far as the proceedings of Hyland and Vannoy were concerned in settling and compromising this note, they were all before the court that tried the suit, that resulted in the judgment which is here sought to be set aside.

The matter of whether Hyland was the agent of Snyder, having authority to give this receipt, was an issue tried in that case, and the jury found for Vannoy; if that verdict was against the evidence, then Snyder should have sought to set it aside in that court. All the facts seem to have been fairly before that court; and it would seem, that if that court committed any error in admitting the receipt, the remedy was by excepting to the ruling of the court in that respect, and bringing that judgment here on a writ of error to be reversed. That not having been done, I think a Court of Chancery cannot go behind such laches to open a judgment in a case like this.

Judgment affirmed.