[Filed December 14, 1891.]

# J. W. GAINES AND LOUIS STRINGER *v.* LINN COUNTY.

COUNTY ROADS—REVIEW—PARTIES.—Any person whose lands are directly affected by a proceeding to lay out, vacate, or alter a county road, though he be neither a petitioner nor remonstrator, is nevertheless a party, who may have the proceeding reviewed for errors therein.

Linn county: R. P. BOISE, Judge.

Plaintiffs appeal. Reversed.

On the seventh day of November, 1890, a petition was presented to the circuit judge of the third judicial district for a writ of review, for the purpose of reviewing the proceedings of the county court of Linn county in the matter of laying out a county road in said county; upon which application an order was made, directing the writ to issue. The petition for the writ alleges that the road runs across the lands of the plaintiffs herein, who are householders residing in the vicinity of said road. Said writ was duly issued and served, and the county clerk duly returned the same to the circuit court, accompanied by the record in said road matter from the county court. At the next

succeeding term of the circuit court, the district attorney filed a motion to dismiss the writ for several reasons, among which was this: "That the court has no jurisdiction in this cause, for the reason that the plaintiffs herein were not parties to the original proceedings in the county court now sought to be reviewed, and cannot question the jurisdiction of that court." The circuit court allowed said motion for the reason assigned in this specification, dismissed the writ, and entered a judgment for costs against the plaintiffs, from which they have appealed.

*G. W. Wright*, and *W. R. Bilyeu*, for Appellants.

*G. G. Bingham*, district attorney, for Respondent.

STRAHAN, C. J.—The sole question presented by this record is, whether a person who is neither a petitioner for a county road nor a remonstrator against its location, may prosecute a writ of review to question the jurisdiction or regularity of the proceedings of the county court.

Section 583, Hill's Code, provides: "Any party to any process or proceeding before or by any inferior court, officer, or tribunal, may have the decision or determination thereof reviewed for errors therein, as in this title prescribed, and not otherwise." It, therefore, becomes necessary to determine whether these plaintiffs were parties to the proceedings in the county court establishing said county road in such sense that they may prosecute this writ.

Section 4062 requires all applications for laying out, altering, or locating county roads to be by petition to the county court of the proper county, signed by at least twelve householders of the county, residing in the vicinity where said road is to be laid out, altered, or located, which petition shall specify the place of beginning, the intermediate points, if any, and the place of termination of said road. Section 4063 in effect requires, when any such petition shall be presented to the county court, it shall be accompanied by satisfactory proof that notice has been given by advertisement posted at the place of holding county court, and

also in three public places in the vicinity of said road,
or proposed road, thirty days previous to the presentation
of said petition to the county court, notifying all persons
concerned that application will be made to the said county
court, at their next session, for laying out, altering, or vacat-
ing such road, as the case may be.    Other succeeding
sections make provision for the appointment of viewers and
for the survey and marking of such road and for the pay-
ment of damages to aggrieved landowners who make
complaint, etc.

This question was involved in *C. & G. Road Co.* v. *Douglas
County,* 5 Or. 280, but not decided.    PRIM, J., wrote for
affirmance on other grounds, with whom concurred, SHAT-
TUCK, J.    MCARTHUR, J., wrote an opinion concurring
specially but for the sole reason that the plaintiff did not
sign either the petition or remonstrance, and was therefore
not a party.    BONHAM, C. J., dissented, but expressed no
opinion, and BURNETT, J., in a separate dissenting opinion
maintained that the plaintiff had sufficient standing to sue
out and prosecute the writ.    The plaintiff's property was
attacked by the proceedings in the county court, and that of
itself would give the plaintiff a right to the writ.    *Minard*
v. *Douglas Co.* 9 Or. 206, is a case where the writ of review
was sustained by this court in favor of one who was neither
a petitioner nor remonstrator.    The opinion in that case
states "that on the seventh day of April, 1880, the appel-
lant, a land owner, a portion of whose land had been taken
for the use of the road, presented his petition for a writ of
review," etc., thus clearly recognizing his right to the writ.
Before considering some authorities from other states on
this subject, a more particular reference to the statute itself
may aid us somewhat in the inquiry.    Section 4062, *supra,*
requires notice to be given to all persons concerned.    An
individual through whose land a proposed road is about to
be located, and which necessarily appropriates to public use
the land taken, is a person concerned, within this statute;
and the fact that he is a person entitled to notice, enables

him to avail himself of whatever legal remedies the law may have provided. Though not named on the record, he is a party whose rights are concluded as effectually by the judgment of condemnation as though he were specially named in the proceedings.

In referring to a class of proceedings somewhat like these, among others, it is said in 2 Greenleaf's Ev. § 525: "These decisions are binding and conclusive not only upon the parties actually litigating the cause, but upon all others; partly upon the ground that, in most cases of this kind, and especially in questions upon property seized and proceeded against, every one who can possibly be affected by the decision, has a right to appear and assert his rights by becoming an actual party to the proceedings."

The better view, and I think it is sustained by the weight of authority, is that a person who has an interest in the result of these proceedings, may have the benefit of the writ. By interest, is meant a direct pecuniary interest. In *Colden* v. *Botts*, 12 Wend. 234, it was held that a person who had not such interest could not have *certiorari* to reverse summary proceedings. In *Richman* v. *Board of Supervisors*, 70 Iowa, 627, a number of persons were allowed to join in prosecuting a writ of *certiorari* to quash certain proceedings authorizing the construction of a levee and assessing certain taxes on adjacent lands. In *Ex Parte Keenan*, 21 Ala. 558, in a proceeding by *certiorari* to annul the illegal location of a road across the lands of the petitioner, it was held that he *prima facie* shows injury when it is made to appear that the road has been illegally established over his land. And in *Long Point Road*, 5 Harr. 152, it was held that in case of a new road in regard to the persons returned as having an interest, it might operate unjustly to confine the parties to the findings of the return; and if a party not named in the return will make an affidavit and support it by competent evidence, that he is the owner or possessor of any part of the land through or along which the road runs, he will be entitled to a review.

XXI OR.—28.

*Damrell* v. *B. S. San Joaquin Co.* 40 Cal. 154, is an authority on the question. It was a proceeding by *certiorari* to review the location of a road. The interest of the petitioner did not otherwise appear than by the petition for the writ, and the court said: "The petition shows that the proposed road will run over the plaintiff's land and he is interested in the matter of compensation for his land, which may be taken for the use of the road, it not appearing that he has granted the right of way, either with or without compensation. As the road will pass over his land, he is interested in having the road located in such manner that it will be legal and valid when it is declared a public highway." In *Taylor* v. *Commissioners*, 88 Ill. 526, substantially the same construction was given to the statute of that state; and it was held in this case, where the statute gave the right of appeal to any person or persons interested, that the owner of land adjoining the road to be laid out, might appeal; and in *Commissioners* v. *Thompson*, 15 Ala. 134, a case where no notice was given of the location of a road, a person affected might propound his interest in proceedings by *certiorari* to vacate the road. And in *State* v. *Hoppock*, 46 N. J. L. 516, the fact that a party was a landowner upon such road entitled him to a review of the proceedings. So in *State ex rel. Wood* v. *Goldstucker*, 40 Wis. 124, it was held that one through whose land the line of a proposed highway runs may in his own name procure a review on *certiorari* of the action of the authorities in laying out such highway. (*Names* v. *Commissioners of Highways*, 30 Mich. 490; *Fleming* v. *Hight*, 95 Ind. 78; *Underwood* v. *Bailey*, 56 N. H. 187; *Ross* v. *Highway Commissioners*, 32 Mich. 301.)

Upon the argument here something was said by appellant's counsel as to a diminution of the record in the county court in that there was no proof of service of notice on file in that court, but that is a question in which the other side is more directly interested. Notice must have been given and the fact must affirmatively appear from the record. To locate and establish a highway, every essential require-

ment of the statute must appear to have been complied with. (*Yelton* v. *Addison*, 101 Ind. 58; *Whitely* v. *Platte Co.* 73 Mo. 30; *Commissioners* v. *Hoblit*, 19 Ill. App. 259; *Adams* v. *Clarksburg*, 23 W. Va. 203.)

The judgment appealed from must therefore be reversed, and the cause remanded to the circuit court with directions to proceed with the case according to law and the practice of that court.