Argued at Pendleton, May 2, affirmed July 18, 1922.

# TAYLOR v. WINN.

(207 Pac. 1096.)

**Judgment—Suit in Equity Lies to Litigate Equitable Matters After Law Judgment, Provided Question Involved was not Determined.**

1. A litigant may defend an action at law and, after judgment, begin a suit in equity to urge an equitable defense against the cause of action on which judgment was rendered, provided the question involved in such defense was not litigated; if litigated, however, by Section 756, Or. L., the judgment is conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit or proceeding litigated for the same thing, under the same title, and in the same capacity.

**Judgment—No Reformation of Deed Where Issue has been Determined in Legal Action.**

2. Where a grantee recovered a judgment in an action at law against his grantor for rent collected by the latter in the year following the grant, contrary to a covenant in the warranty deed given, the issue of mistake having been determined in the action at law, the judgment therein was conclusive against a suit to reform the deed on the ground of mistake in the warranty.

From Umatilla: T. E. J. DUFFY, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Peterson, Bishop & Clark,* with an oral argument by *Mr. Edward J. Clark.*

For respondent there was a brief over the names of *Mr. Homer I. Watts* and *Mr. E. G. Prestbye,* with an oral argument by *Mr. Watts.*

BURNETT, C. J.—The plaintiff was the owner of real property in Umatilla County, which he had let to a tenant, Hansell, for a term of years, by a lease

which required the payment of a sum of money in cash, also six dollars per acre on October 1, 1914, and a like sum per acre payable on October 1, 1915, and the first of each October thereafter during the term. The lease began on April 21, 1914, and ran "until the first day of October in the year 1919." On August 21, 1917, the plaintiff Taylor issued to the defendant a receipt reciting the payment of $10,000 as earnest-money on the purchase price of the lands, which Taylor thereby agreed to deed to Winn on the further payment of $40,000 on or before November 1, 1917, the balance of $50,440 to be paid in cash or secured by note and first mortgage on the land. In that receipt Taylor used this language:

"I also agree to furnish abstract of title showing all of above lands clear of encumbrances."

On October 2d, Taylor collected the rent from his tenant, being the installment due the day before, in the sum of $3,522. Thereafter on October 17, 1917, Taylor executed, acknowledged and delivered to Winn a warranty deed for the lands in question, containing a covenant that:

"The premises are free from all encumbrances except the right of way of the O. W. R. & N. Company through the lands, * * and that he [Taylor] will, and his heirs, executors and administrators shall warrant and forever defend the above granted premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever, save and except as to encumbrance above mentioned."

Afterwards Winn sued Taylor to recover the money thus collected as rent due October 1, 1917. In his complaint the matters heretofore stated were recited, and substantially all of them were admitted by the answer of Taylor.

That pleading contains the following language:

"That on or about the 21st day of August, 1917, he agreed in writing to sell the real property described in plaintiff's complaint to the said plaintiff, a copy of which said writing is hereto attached, marked Exhibit 'A,' hereby referred to and made a part hereof, but it was specifically understood and agreed prior thereto and at said time and as a part of the same transaction, though not so stated in said writing, that the defendant would be entitled to collect the lease money coming due and payable on account of said real property from the said M. W. Hansell on the first day of October, 1917, and he did collect it. Thereafter, on the 17th day of October, 1917, at the time when the plaintiff paid another portion of the purchase price and secured the payment of the balance of it, thereby completing the purchase of the said real property, defendant executed and delivered to the plaintiff a warranty deed to it; but before doing so it was expressly and specifically understood and agreed by and between plaintiff and defendant that the lease money which was due and payable on the said first day of October, 1917, should belong to the defendant."

This in turn was denied by the reply. That case went to judgment in favor of Winn for the full amount claimed, and was affirmed on appeal to this court in *Winn* v. *Taylor*, 98 Or. 556 (190 Pac. 342, 194 Pac. 857). The essence of the dispute is: Who was entitled to collect the installment of rent due October 1, 1917? As disclosed by the opinions of Mr. Justice JOHNS and Mr. Justice BROWN, the decision was made to depend largely but not exclusively upon the effect of the warranty in the conveyance from Taylor to Winn.

The present suit in equity has been instituted for the purpose of procuring the reformation of the covenant of warranty in that deed, so as to except

104 Or.—25

therefrom the lease mentioned, and in addition thereto to secure the cancellation of the judgment in favor of Winn and against Taylor as a cloud on the latter's realty and that of his surety on appeal.

1. Without question, a litigant may defend an action at law even to judgment, and afterwards may begin a suit in equity upon proper grounds, to urge an equitable defense against the cause of action which has ripened into judgment: *Churchill* v. *Meade,* 92 Or. 626 (182 Pac. 368). All this, however, is subject to the condition that the same question involved has not been litigated at law. If, however, the matter has been directly determined in the action at law, it is conclusive between the parties and their representatives and successors in interest by title subsequent to the commencement of the action, suit or proceeding litigated for the same thing, under the same title, and in the same capacity: Section 756, Or. L.

2. The situation here is, that the plaintiff was sued in the action at law for the money which he had collected as rent due on the first day of October, 1917. The warrantee in the deed claimed that this rent was due for the year succeeding his purchase of the property, and that instead of conveying to him the full fee-simple title, Taylor had conveyed less than that by as much at least as the installment of rent amounted to. In other words, while professing by his covenant to convey the fee, Taylor had in fact diminished that estate by carving out of it an estate for years the issues of which he was enjoying. By a competent allegation already quoted, Taylor asserted in the action his right to collect that rent. It was an averment competent to be made, and if he could have proved it and convinced the jury of the truth of his statement, he would have recovered

a verdict. He gave testimony on that subject, as
the record before us discloses. Among other things,
he put in evidence the oral admissions of Winn to
the effect that it was satisfactory to him for Taylor
to collect the rent. However, the latter was con-
fronted with his warranty in the deed. That docu-
ment spoke as a witness against him, saying in effect
that, "this title is not encumbered except by the
right of way." The jury believed that witness and
concluded that Taylor had no right to the money
he had collected. The effect of this proceeding is
nothing more than this, that the plaintiff says: "I
have discovered since then that the witness, the
deed, did not speak the truth, owing to a mistake
of the scrivener in writing that document. Having
tried out that issue, however, and a judgment having
been entered establishing the truth of the contro-
versy between the parties as to the right to collect
the rent, I now seek to overturn that judgment be-
cause I conceive that I am able to prove that the
witness did not indeed testify truly."

In our judgment, even if we were to reform the
deed, it could not affect the question raised by Tay-
lor's allegation in the action. He submitted the main
question, the right to collect the rent, to a tribunal
having jurisdiction of the parties and of the subject
matter. He produced oral testimony consisting of
his own statements directly as a witness, and ad-
missions attributed to Winn, who in turn confronted
Taylor with his deed. Even if the deed were re-
formed, it would not preclude the admission of other
legal evidence to sustain or to controvert the conten-
tions of either party. The decision must therefore
remain as determined by the judgment. With the
record all before it, the Circuit Court was right in

rendering a decree in favor of the defendant on the pleadings in the equity suit. The decree is therefore affirmed.                                          Affirmed.