Motion to dismiss appeal denied May 1; rehearing denied June 3, 1930; argued March 19; affirmed March 31, 1931; rehearing denied April 28, 1931

# COCKERHAM v. FIRST NATIONAL BANK OF REDMOND ET AL.

(287 P. 223, 297 P. 363)

*George S. Shepherd,* of Portland, for the motion.

*O. W. Eastham,* of Portland, opposed.

PER CURIAM. This case comes on to be heard on motion to dismiss the appeal. The suit was instituted for an accounting between plaintiff and defendants on

account of a judgment held by defendant bank against plaintiff and which plaintiff claims to have paid. Plaintiff in the suit sought to enjoin defendants from enforcing an execution issued out of the circuit court for Multnomah county on said judgment. Plaintiff appealed from an adverse decree and judgment and gave a stay undertaking on appeal with B. F. Giesy and Frank T. Berry as sureties. Defendants moved to dismiss on three grounds:

"1. Decree and judgment was entered January 17, 1930, in this suit against J. C. Cockerham, B. F. Giesy and E. C. Butler, and each of them for $2,673.75 in favor of defendant First National Bank of Redmond.

2. Neither B. F. Giesy nor E. C. Butler was served with notice of appeal herein and neither has appealed from the judgment against him and the time for appeal has expired.

"3. Respondent, First National Bank of Redmond, excepted to the sufficiency of B. F. Giesy and Frank T. Berry as appellant's sureties on appeal. Said B. F. Giesy appeared before Honorable John H. Stevenson, presiding judge, and undertook to justify as such surety. Frank T. Berry did not appear before the court to justify and no substitute bondsman has been given in his stead. Said B. F. Giesy is a judgment debtor and therefore disqualified as a bondsman. Frank T. Berry failed to appear or justify and is not longer a bondsman."

██ Neither B. F. Giesy nor E. C. Butler is a party in the instant case: *Hafer v. Medford & C. L. R. Co.*, 60 Or. 354, 357 (117 P. 1122, 119 P. 337); *Medynski v. Theiss*, 36 Or. 397, 399 (59 P. 871). B. F. Giesy and E. C. Butler were sureties on the undertaking given for the temporary injunction allowed plaintiff in the circuit court. Defendants were not entitled to judgment against B. F. Giesy and E. C. Butler as sureties on the

bond to protect defendants against any damages resulting from the injunction. The judgment should have been entered against J. C. Cockerham alone. His sureties are not liable on the undertaking until damages have been lawfuly assessed.

■ Neither B. F. Giesy nor E. C. Butler was entitled to service of the notice of appeal. Neither of those persons could be injuriously affected by the appeal. The interests of both of them are involved in the interest of appellant.

The decree and judgment in the instant case against appellant was entered January 17, 1930. Plaintiff gave a stay undertaking on appeal and it was served on defendants February 4 and filed February 5. Exceptions to the sureties on the undertaking on appeal were served on plaintiff by defendants filed February 8. Notice that sureties would justify on February 24 was served on defendants February 17. All of the service on defendants was made on their attorney, George S. Shepherd, who duly accepted service. The following indorsement appears upon the undertaking on appeal.

"The within undertaking approved and allowed this February 25, 1930.

"John H. Stevenson,
"Judge."

There is no merit in any of the grounds assigned for dismissing the appeal. Motion is denied.

McBRIDE, J., absent.

---

ON THE MERITS
(297 P. 363)

*O. W. Eastham,* of Portland, for appellant.

*George S. Shepherd,* of Portland, for respondents.

CAMPBELL, J. This is a suit for an accounting The defendant obtained a judgment against the plaintiff in the circuit court of Multnomah county, July 12, 1921, in the sum of $3,000 with interest at the rate of 10 per cent per annum, from January 12, 1920, $200 for attorney fees and for costs and disbursements in the sum of $46.35. The transcript of this judgment was forthwith filed in Polk county. On August 28, 1922, all the lands and property of plaintiff in Polk county were released from the lien of said judgment. (A copy of said release will be hereinafter inserted.) On July —, 1923, defendant again filed a transcript of this judgment in Polk county. Plaintiff alleges that defendant has refused to allow a credit of $1,000, the amount claimed to have been paid for the release above referred to. Credits have been allowed from time to time on this judgment. Plaintiff alleges that the defendant on December 7, 1928, caused an execution to issue against plaintiff's property in the sum of $3,213.60, which is a much greater sum than is due thereon. He also alleges to have tendered to defendant a sum of $770.60 as being the full amount due at the time the execution, of which he complains, issued. He asks for an accounting and an injunction restraining the sheriff from levying upon or selling his property until the further order of the court. A temporary injunction was granted. Defendant moved for its dissolution. The court then made an order that the injunction would

be dissolved unless plaintiff would furnish a bond with sufficient surety to pay whatever judgment defendant might recover in the instant suit. Plaintiff furnished such bond.

Defendant answered plaintiff's complaint setting up his judgment of July 12, 1921, and setting forth certain items of credit, but did not give credit for the $1,000 referred to in the release.

The case was tried before the court, and after hearing all the testimony, the court made a finding that there is due on said judgment the sum of $2,673.75. He did not allow the item of $1,000 claimed by the plaintiff. He then gave the defendant a decree dissolving the injunction and awarding the defendant a judgment in the sum of $2,673.75 and his costs and disbursements. He also gave judgment against E. C. Butler and B. F. Giesy, the parties who signed the bond aforesaid, in the same sum. Exception was taken to the ruling of the court and from this judgment an appeal is taken to this court.

A copy of the release above referred to reads as follows:

"In the Circuit Court of the State of Oregon
 for the County of Multnomah
"First National Bank of Redmond, a corporation,
 Plaintiff, v.
 "J. C. Cockerham, Defendant.
 "Partial Satisfaction and Release of the Lien
 of Judgment in Case No. H-2827.
"For and in consideration of the sum of one thousand dollars ($1,000), gold coin of the United States, paid to plaintiff First National Bank of Redmond by J. C. Cockerham, the defendant in the above entitled action, all of the real property in Polk county, Oregon, owned by the said J. C. Cockerham is hereby wholly released from the lien of that certain judgment ren-

dered in the circuit court of the state of Oregon for Multnomah county on the 12th day of July, 1921, in favor of the First National Bank of Redmond, a corporation, and plaintiff in said action and against the defendant J. C. Cockerham for the sum of three thousand dollars ($3,000) and interest, costs and disbursements, and the said First National Bank of Redmond hereby authorizes and requests the clerk of the circuit court of the state of Oregon for Polk county to enter this partial satisfaction and release of the said defendant's real property situated in Polk county from the lien of said judgment, and the lien of said judgment to continue as to all other real property of the said defendant in the state of Oregon.

"In witness whereof the First National Bank of Redmond has hereunto affixed its signature by the president of said corporation.

"Witnesses: George S. Shepherd, G. B. Cellars.

"First National Bank of Redmond,
"By Guy E. Dobson, President."

(Duly acknowledged, filed September 1, 1922, and entered in Circuit Court Journal, volume 19, page 145, Polk county.)

The real contention of plaintiff is that he should have credit for this $1,000 mentioned in the release. The facts regarding this release are about as follows: Plaintiff was anxious to sell certain real property in Polk county. This he was unable to do with the judgment lien of defendant standing against it. He then offered to pay the defendant $1,000 if he would release the Polk county property from the lien of the judgment. This the defendant agreed to, but instead of getting the $1,000 in cash, plaintiff tendered him a note for $1,000 signed by himself and his wife, together with a mortgage on a certain tract of land in Polk county. The defendant claims that he did not accept the note and mortgage as a payment on the judgment,

and never placed the mortgage on record. Within a week after the making of the mortgage, the plaintiff sold the mortgaged premises to a third party and warranted them to be free from all encumbrances. It will be noted that the release only releases the property in Polk county from the lien, and specifies the lien of said judgment to continue as to all other property of said defendant.

■■ Plaintiff contends that because the release recites that $1,000 has been paid, parol evidence can not be admitted to show what the real consideration was. This position is untenable. The consideration expressed on the face of the release is prima facie evidence of the amount, but this is not conclusive and may be refuted by other testimony, and in this case by parol evidence (*Stark v. Olney*, 3 Or. 88):

"The general rule that a party is not permitted to dispute his own deed, is subject to the exception that a party may show that the consideration expressed in the deed is not the actual consideration whenever that becomes a material point. There is equal reason for permitting a party to show that the acknowledged payment has not been made. It is an everyday practice to state a nominal consideration in deeds; and it is equally common to allow the deed to contain a formal acknowledgment of payment when none has been made. Where one takes a deed and gives his promissory note, or a note and mortgage, to secure the price, nothing is more common than for the deed to recite that full payment has been made, and the acknowledgment of payment contained in the deed is considered open to explanation": *Brown v. Cahalin*, 3 Or. 45.

Plaintiff contends that this evidence could not be admitted without a pleading to that effect. We can not agree with this contention. In substance, the plaintiff alleges that he paid $1,000, and in order to prove

this, introduces this release. The defendant alleges that plaintiff did not pay $1,000, and in order to prove it, he shows by parol that he did not get $1,000, or any part thereof acknowledged in the release to have been received. The plaintiff would be in no way misled, because he knew all the time whether that $1,000 was paid or not.

■ The real question to be determined is: How much was actually paid on the judgment and not how much was promised. The circuit court found against the plaintiff on competent testimony, and we feel that its finding was just and equitable and should not be disturbed. This is especially true in the instant case, where defendant claims that he did not accept the note and mortgage, and tendered the same back to plaintiff.

■ There is another credit amounting to $200 which plaintiff claims should have been allowed on the judgment. This item arose as follows: Defendant had execution issued against some, otherwise encumbered, property of plaintiff, and sold the plaintiff's equity in the same. This equity was bought by defendant's attorney at sheriff's sale in his own name for $800. Credit was given on the judgment for the sum of $736.94, that being the amount the property sold for, less costs of sale. Something over two years and three months thereafter, the attorney sold this property back to defendant for the sum of $1,100. Considering that the judgment bore 10 per cent interest, this was practically permitting the plaintiff to redeem, allowing the attorney but a small compensation for his services in conducting the sale and making the transfers.

The plaintiff also complains of the action of the court in giving a judgment to defendant against the bondsmen. The circuit court had no authority in law

to compel plaintiff to furnish a bond, requiring the bondsmen "to pay the defendant such sum as may be determined by the court to be payable by reason of his judgment against said plaintiff and to the said parties enjoined such damages as such parties may sustain by reason of the said judgment": Oregon Code 1930, § 6-402, specifies the kind of a bond the court shall require before issuing an injunction. Any judgment entered against the sureties without a hearing would be a void judgment. The court could purge its records of such judgment at any time, even on its own motion. But that question is not before this court.

 There is a further contention made by the plaintiff regarding costs allowed in the lower court. The defendant had an execution issued for more than $3,200. On the final hearing he was only allowed $2,673.75, so that the plaintiff prevailed to the extent of more than $500. The plaintiff contended that the execution should be for a much smaller amount than was allowed by the court.

In a suit, costs and disbursements shall be allowed to a party in whose favor a decree is given, in like manner and amount as an action, without reference to the amount recovered or the value of the subject of the suit, unless the court otherwise directs: Oregon Code 1930, § 7-607. The allowance of costs and disbursements is a matter within the discretion of the trial court and his judgment will not be disturbed only for a manifest abuse of that discretion.

Finding no error, the decree of the circuit court will be affirmed.

BEAN, C. J., BROWN and BELT, JJ., concur.