Argued at Pendleton May 3; affirmed July 6, 1938

## HOLMES ET AL. *v.* GRAHAM ET AL.

(80 P. (2d) 870)

In Banc.

*A. L. Fletcher*, of Nyssa, for appellants.

*Anthony Yturri*, of Ontario (M. A. Biggs, of Ontario, on the brief), for respondents.

■ BEAN, C. J. The resolution initiating the proceedings for the vacation of the road was regularly adopted, and the requisite notice was regularly served by posting, as required by statute. The plaintiffs had their day in court and ample opportunity to present objections. The proceedings were irregular but not void. The fact that the first resolution was not entered in the journal at the time of its adoption, which would have been a ministerial act, did not render the proceedings void.

Defendants submit that plaintiffs' proper remedy was by writ of review. Section 28-1012, Oregon Code 1930, provides:

"The provisions of chapter V of title VII relating to appeals are intended to apply to judgments and decrees of the county court in all cases, but not to its decisions given or made in the transaction of county business."

In *Leader v. Multnomah County*, 23 Or. 213 (31 P. 481), it was held:

"By the statute, the proceedings of the county court in the transaction of county business, can be reviewed only upon a writ of review: Code, sec. 902; and this is an attempt by an appeal to review the proceedings of that court in the location and establishment of a county road, which is the transaction of county business, and is therefore prohibited by the section of the statute referred to." (Which is now section 28-1012).

The plaintiffs brought suit to set aside the proceedings in the county court vacating the county road mentioned and prosecuted this appeal from a decree denying such relief. A writ of review is the proper remedy: *Mountain v. County of Multnomah*, 8 Or. 470; *Fisher v. Union County*, 43 Or. 223 (72 P. 797). The purpose of a writ of review is to bring up the record from the inferior tribunal to determine whether or not that inferior tribunal acted without jurisdiction, or exceeded its jurisdiction, or exercised its functions erroneously.

■ It is alleged in plaintiffs' complaint that the plaintiffs have no plain, speedy or adequate remedy at law. It goes without saying that equity has no jurisdiction where a party has a plain, speedy or adequate remedy at law. The plaintiffs had a complete remedy at law by means of a writ of review.

In *Farrow v. Nevin*, 44 Or. 496 (75 P. 711), the court held that the purpose of a writ of review in Oregon is to review the proceedings of the inferior tribunal only in those particulars wherein it has acted without jurisdiction or has exercised its functions erroneously or contrary to procedure applicable to the matter before it.

■ A court of equity should not interfere where the parties have lost their legal remedy due to their failure

to apply for such legal remedy: *Snyder v. Vannoy*, 1 Or. 344; *Hoover v. Bartlett*, 42 Or. 145 (70 P. 378); 34 C. J. 438, § 687.

It follows that the decision of the circuit court in overruling the demurrer to the answer and dismissing the suit was proper.

The judgment of the lower court is affirmed.

RAND and ROSSMAN, JJ., not sitting.