## COOS BAY LUMBER CO. v. COLLIER.
### No. 9022.

Circuit Court of Appeals, Ninth Circuit.
June 7, 1939.

HANEY, Circuit Judge, dissenting.

Thomas G. Greene, of Portland, Or., for appellant.

Bischoff & Bischoff and S. J. Bischoff, all of Portland, Or., for appellee.

Before WILBUR, HANEY, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

On May 19, 1929, the Coos Bay Lumber Company, hereinafter referred to as the Lumber Company, entered into a written agreement with James Collier for certain logging operations in Oregon. On December 10, 1929, a supplemental agreement was entered into extending the contract to additional timber land not included in the original contract. On the same day another supplemental contract was entered into whereby it was agreed that the Lumber Company should reimburse the appellee "for the cost of said loading [of timber] including reasonable charges for use of equipment". The operations under this contract continued until October 31, 1931, when the agreement was fully performed. The Lumber Company issued a check for $3,390.48. Attached thereto was a receipt which was signed by the appellee and the amount of the check cashed. The receipt read as follows: "The attached check is accepted in full settlement of all contracts and claims of whatsoever na-

ture with this Company up to and including this date—November 10, 1931."

No further dealings occurred between the parties until the fall of 1934 when the appellee demanded payment for the loading operations under the supplemental contract of December 10, 1929. Payment was refused. Appellee testified that at that time he was shown the above mentioned receipt, whereupon he told them "that don't mean anything to me", and said, "no, that was for logging". He thereupon consulted an attorney and brought suit in a state court to recover the sum of $10,338.86, with interest from October 31, 1931, as the cost of loading the logs under the supplemental contract of December 10, 1929.

That action was transferred to the United States District Court for the District of Oregon. Thereafter, the Lumber Company answered the complaint denying some of the allegations of the complaint and setting up four separate affirmative defenses.

The first affirmative defense was a plea of accord and satisfaction. It was alleged that on November 10, 1931, it was agreed between the plaintiff and the defendant that the total amount due from the Lumber Company to the appellee was $3,390.-48, and that that sum would be paid and accepted in full satisfaction of all claims under all contracts and claims of whatsoever nature between the parties to and including the date of November 10, 1931, and that in compliance with said agreement and in full satisfaction of all said claims of plaintiff, the Lumber Company delivered to, and the appellee accepted, the check for $3,390.48 "with a statement of account attached thereto, bearing on its face the words 'the attached check is accepted in full settlement of all contracts and claims of whatsoever nature with this company to and including this date—November 10, 1931.'"

The second affirmative defense alleged an executed supplemental agreement replacing the agreement of December 10, 1929, to pay the cost of loading the logs and an accord and satisfaction on that basis. It was alleged that it was agreed between the parties that the appellee would load said logs without cost to or charge against the defendant provided the defendant would set in cars convenient for said loading, and that the Lumber Company did as it agreed; that settlement was made in full on this basis.

The third affirmative defense was that the appellee was estopped from making a claim of payment for loading of logs because upon his representation that the logs were loaded at his own expense the company agreed to repair certain damages done by the appellee to the railroad property of the Port Orford Cedar Products Company.

In the fourth affirmative defense of laches it was alleged that an oral agreement had been entered into between James Pyburn, superintendent of the Lumber Company, on behalf of the company and the appellee, whereby the latter agreed to load the logs without charge. It was alleged that appellant relied upon this oral agreement and made the settlement of November 10, 1931, on that basis and that the appellee acquiesced therein from November 10, 1931, to September 1934; that subsequent to this period of delay James Pyburn died and appellant was without proof of said verbal contract other than hearsay, and that, therefore, the plaintiff should be estopped from denying said settlement of November 10, 1931.

By way of reply to this amended answer the appellee admitted the receipt of a check, $3,390.48, but denied any information concerning the receipt attached to the check and upon that ground denied the allegation that he had signed the receipt. He also denied making the alleged supplemental agreement whereby the work of loading the logs was to be done by the appellee without charge.

This action went to trial before a jury and a judgment was rendered therein February 21, 1935, in favor of the Lumber Company upon a directed verdict. Incorporated in the judgment is the verdict, which is as follows: "By direction of the court, we, the jury duly empaneled and sworn to try the issues in the above entitled cause, find our verdict in favor of the defendant Coos Bay Lumber Company and against the plaintiff." The appellee did not appeal from the judgment against him, but two years later brought this suit.

It is apparent from what has already been said that there is nothing in the judgment roll in the previous action to disclose that the judgment was based upon the receipt in question. The appellee, however, was permitted, without objection, to supplement the judgment roll in the previous action with other evidence concerning what transpired in the trial of the previous ac-

tion. This evidence consisted in part of the reporter's transcript showing the motion for the directed verdict made in the previous action and an opinion of the court in connection therewith. The motion was made by the Lumber Company "on the ground that no substantial evidence was produced that would warrant or support a verdict in favor of the plaintiff and against the defendant here. I base that largely on the same ground as the motion for a non-suit. I don't want to tire your Honor by reiterance.

"Court: I think you better make your motion complete so the record would be complete if you desire to change. If you desire to leave the record as it is, you may do so.

"Mr. Goss: On the further grounds that the facts as disclosed by the evidence show a complete accord and satisfaction here.

"Mr. Giles: I would like to make a motion. I wish to move against certain of the defenses that there is no evidence to support them.

"Court: That will be a matter of instruction. We will take this matter up tomorrow morning.

"Court: I think that this is solely a question of law, and not a matter to be submitted to the jury. If the plea of accord and satisfaction is sustained by the evidence, the defendant is entitled to an instructed verdict; if not, that question should be withdrawn from the jury. The contract of July, 1919, and its modifications were entered into between the parties prior to the time of the beginning of operations, and taken together they constitute one entire contract, and the obligations of the defendant to pay for the logging and hauling of course grew out of the same contract. After the entire work had been completed the plaintiff presented a claim to the defendant for the sum of $3,431.93. Thereupon the defendant paid the amount with a statement of account attached which read that the attached check is accepted in full settlement of all contracts and claims of whatsoever nature with this company up to and including this date, November 10, 1931. The plaintiff accepted the check which was attached to the statement of account showing that the remittance was the entire amount claimed by the plaintiff for his work under the contract. When the plaintiff accepted the check it was equivalent to an admission by him that the items for his operation under the contract were paid in full. When this was done, there were two courses open to the plaintiff, namely, either to decline to receive the check with the conditions attached, or to accept it and be bound by the terms of the statement. The plaintiff chose the latter course: accepted the check with the conditions imposed, cashed it, and thereby agreed to the conditions and is estopped from denying them. By accepting and cashing a check, the minds of the parties met, and the contract of accord and satisfaction was complete.

"The contract consisted of the loading and the logging of logs, and the amount claimed thereunder was unliquidated, and I think the law is that where there is an unliquidated matter and the amount undetermined, the acceptance of a stated amount in full satisfaction of the entire claim constitutes in law an accord and satisfaction.

"The action of the parties in this case confirmed the idea that it was given and accepted in full satisfaction of the claim, for the plaintiff did not put in any claim for a further accounting, and his conduct in carrying the check without further demands for over two years concluded that he kept it in full satisfaction of all claims and demands he had against the defendant."

The authorities are not in agreement as to whether or not the opinion of the trial court in a prior action can be shown upon a claim of res judicata (see, Freeman on Judgments, 5th ed. vol. 2, p. 1642, § 772), but the parties herein have not raised that question. We, therefore, assume that the above quoted statement by the court was the basis for his instruction to the jury, namely, that there had been an accord and satisfaction between the parties. However that may be, it is clear from the judgment roll that the defense of accord and satisfaction was presented as a defense to the appellee's claim in the legal action.

On March 31, 1937, appellee brought this action in the United States District Court for the District of Oregon to recover the amount he had claimed to be due him in the prior action at law between the parties for loading the logs.

Anticipating the defense of res judicata the present suit was brought on the equity side of the court to reform the receipt of November 10, 1931, so that by its terms, as amended, it would apply only to the logging operation to set aside the judgment rendered in the action at law and to award

a decree for the full amount claimed in that action. The Lumber Company, as anticipated, appeared and claimed that the judgment in the action at law was res judicata. It contends that at the time of the institution of the action at law, under both a federal statute (28 U.S.C.A. § 398) and an Oregon statute (1 Oregon Code Annotated, § 6-102) equitable matters could be set up in an answer and in a reply in an action at law and, consequently, could not, after judgment in the action at law, be litigated in a separate suit in equity. Appellee, on the other hand, contends that although he could have presented the matters in the legal action which he now sets out in the suit at bar, he was not required to do so, but could reserve these matters for presentation by a separate suit in equity in case the judgment went against him in the action at law.

It has been said in a number of decisions by the Supreme Court of Oregon, that an equitable defense may be presented in a suit in equity after an unfavorable judgment at law if the equitable defense was not presented in the legal action. Churchill v. Meade, 92 Or. 626, 182 P. 368; Taylor v. Winn, 104 Or. 383, 207 P. 1096;· but, cf. Wright v. Morton, 125 Or. 563, 267 P. 818. The rule more generally accepted, however, is that when matters formerly recognized only in equity may be alleged as defenses in an action at law, under reformed procedure, the party claiming such equitable defenses is bound to assert them in the law action and may not after judgment against him bring a separate suit in equity on the equitable defenses. See Freeman on Judgments, 5th ed., vol. 2, p. 1652, § 776; 34 C.J. 456, § 713. Cf. 15 Cal.Jur. 116, § 179. The parties have cited no federal decisions that deal specifically with this question. It will be noted that both · the action at law and the suit in equity were tried in a federal court wherein the right of the parties to present their equitable issues in the action at law was derived from a federal statute (28 U.S.C.A. § 398) and not from the state statute (1 Or.Code, § 6-102). Under such circumstances, and in view of the fact that the question of res judicata presents a question of substantive law, an interesting question could arise as to the applicability of the doctrine announced in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. This court is not called upon to decide this question because the Oregon Supreme Court decisions and the federal decisions are in harmony upon the principles of law which this court relies upon in its decision in the case at bar.

In determining the right of appellee to invoke the power of a court of equity to set aside the judgment rendered in the law action, it should be borne in mind that the present suit is not predicated upon the instrument appellee seeks to have reformed, that is, the receipt, but upon the same cause of action presented in the action at law to recover on the contract for the loading of logs. If the matters sought to be presented in this suit were in fact litigated in the action at law, or could have been litigated on the law side of the court under the issues presented in that action, the contentions of the appellee with reference to equitable defenses are not applicable and the judgment rendered therein is conclusive upon the parties either under the federal rule or the Oregon rule. Town of Boynton v. White Const. Co., 5 Cir., 64 F.2d 190; Cromwell v. County of Sac,·94 U.S. 351, 24 L.Ed. 195; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Snyder v. Vannoy and Hyland, 1 Or. 344; Hoover v. Bartlett, 42 Or. 145, 70 P. 378; Holmes v. Graham, 159 Or. 466, 80 P.2d 870; Taylor v. Winn, 104 Or. 383, 207 P. 1096; see, 34 C.J. 457, § 714; p. 466, § 733. As we have stated, in the action at law the issue of accord and satisfaction was litigated. As showing that an accord and satisfaction had been reached, the receipt[1] of November 10, 1931, was pleaded. Upon the issue of accord and satisfaction it was open to appellee to show in that action that the statement in the receipt as to the acceptance of the check in settlement of all claims against the appellant was a mistake, or executed, insofar as it purported to cover liability under the loading contract without consideration. Fire Ins. Ass'n v. Wickham, 141 U.S. 564, 12 S.Ct. 84, 35 L.Ed. 860; Williams v. Poppleton, 3 Or. 139; Marks v. Twohy Bros.

[1] It may be noted that this opinion refers to the memorandum of November 10, 1931, throughout as a receipt rather than a release. There are differences between receipts and releases which are unnecessary to consider in view of the fact that the issue of accord and satisfaction was litigated in the action at law and that is the very issue appellee seeks, to relitigate in this suit in equity.

726

Co., 98 Or. 514, 527, 194 P. 675; Pierce v. Northern P. R. Co., 127 Or. 461, 271 P. 976, 62 A.L.R. 644; Mickel v. Associated Oil Co., 147 Or. 81, 30 P.2d 352. See also, 48 C.J. pp. 639, 640, § 82 (3). Moreover, viewing the memorandum of November 10, 1931, as a release, it was open for appellee in the law action to show lack of consideration for the release of the claimed liability under the loading contract. Williams v. Poppleton, 3 Or. 139, supra; Stark v. Olney, 3 Or. 88, 89; Cockerham v. First Nat. Bank, 136 Or. 176, 287 P. 223, 297 P. 363; Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 S.Ct. 84, 35 L.Ed. 860, supra. This is precisely what appellee seeks to do in this equity suit. Appellant contends, as it contended in the prior suit, that it included the statement in the receipt that the check was accepted in full settlement of all claims against the company because it believed there existed no claim for loading as appellee had, in consideration of certain services rendered by appellant, agreed to make no additional charge for the loading. Appellee, on the other hand, attempts to show, as he attempted to show or had the right to show in the law action, that he did not agree to make no additional charge for loading the logs and, consequently, there was no consideration for the release. Thus by the device of suing in equity to have the receipt reformed, appellee attempts to litigate for the second time the issue of accord and satisfaction. This he cannot do. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195, supra; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972, supra; Town of Boynton v. White Construction Co., 5 Cir., 64 F.2d 190, supra; Snyder v. Vannoy and Hyland, 1 Or. 344, supra; Hoover v. Bartlett, 42 Or. 145, 70 P. 378, supra; Taylor v. Winn, 104 Or. 383, 207 P. 1096, supra; Holmes v. Graham, 159 Or. 466, 80 P.2d 870, supra.)

Decree reversed and decree ordered in favor of defendant.

HANEY, Circuit Judge (dissenting).

The facts concerning the law action are stated correctly, so far as they go. It can be seen from the statement that the issue raised by the affirmative defenses and the reply in that action was whether an accord and satisfaction had been made. No issue of mistake in reaching the accord was made by these pleadings. There is nothing in the record to show that such issue of mistake arose in the evidence. The point actually decided is shown by the trial court's opinion that by "accepting and cashing a check, the minds of the parties met, and the contract of accord and satisfaction was complete". It is certain, therefore, that the only point decided in the action at law was that the alleged debt was extinguished by the accord and satisfaction.

The suit in equity was then commenced. It prayed that the judgment in the law action be set aside; that the contract of accord and satisfaction be reformed; and that appellee recover judgment. The bill accepted the fact that the judgment was made, but alleged that it was based on the accord and satisfaction arising from acceptance of the check and that such acceptance was made by mistake. Appellant, by answer denied the mistake, and urged the judgment in the law action as res judicata. The trial court's finding, insofar as it is sustained by the evidence, was that appellee manifested his assent to the accord and satisfaction under a mistake of fact, and held that the judgment in the law action was not res judicata.

Since the mistake was not "mutual," I think the court below should not have reformed the statement appearing on the check, but should have rescinded it insofar as it related to "loading" costs. Mitchell v. Holman, 30 Or. 280, 47 P. 616; Churchill v. Meade, 92 Or. 626, 634, 182 P. 368; Hearne v. Marine Insurance Company, 87 U.S. 488, 20 Wall. 488, 491, 22 L.Ed. 395; Moffett, Hodgkins & C. Co. v. Rochester, 178 U.S. 373, 385, 20 S.Ct. 957, 44 L.Ed. 1108. Rescission, however, would not change the result, but only the form of equitable relief to be granted.

The majority hold: (1) That the defense of "mistake" was one which could have been urged in the action at law; and (2) that since such defense could have been urged in the action at law, the judgment therein precludes assertion of "mistake" as the basis for this suit in equity. I think both conclusions are clearly erroneous.

First. It is not made clear in the majority opinion whether the issue of mistake could be raised as a purely legal defense, or whether it could be raised only as a basis for equitable relief.

Considering it as a sufficient basis for both a legal defense and a claim for equitable relief, it is not one which could have been raised in the action at law, under the

practice in Oregon. The defense raised was that no accord and satisfaction had been made. A defense that such accord and satisfaction was made, but should be rescinded for mistake is inconsistent with the former, as shown by Peters v. Queen City Ins. Co., 63 Or. 382, 385, 126 P. 1005, 1006, that: "The denial of the execution and delivery of an instrument is inconsistent with a separate defense which admits the execution of the instrument, or which is founded upon the instrument being in existence and binding." In Oregon, a party may not rely on both of such inconsistent defenses, and if he pleads them, he may be compelled to elect one and abandon the other. Duncan Lumber Co. v. Willapa Lumber Co., 93 Or. 386, 403, 182 P. 172, 183 P. 476. None of the authorities[2] relied on by the majority hold or intimate that such inconsistent defenses may both be raised, and therefore are not in point. That such authorities are inapplicable is shown by the following from Horn v. Detroit Dry Dock Co., 150 U.S. 610, 626, 14 S.Ct. 214, 218, 37 L.Ed. 1199:

"* * * it is urged by counsel for the appellant that her receipt * * * is open to explanation by parol proof for the purpose of showing what the real consideration was, under the rule recognized and applied in Fire Ins. Ass'n v. Wickham, 141 U.S. 564, 12 S.Ct. 84 [35 L.Ed. 860]. While this may be true in respect to receipts generally, the fact is overlooked that the issue made by the replication was simply the existence of the receipt as set forth in the plea. The complainant, neither in her bill nor in her replication to the plea, raised any question as to the correctness of the receipt executed by her. Her replication, as already stated, simply put in issue the truth of the plea, and, that being established, the dismissal of the bill necessarily followed, under the authorities referred to. Her claim of a mistake in the receipt was wholly foreign to the issue which she, by her pleadings, had presented for the determination of the court. No such question as she now raises was properly presented in the court below, or is available here.

"* * * But this [mistake in accord and satisfaction] is equally unavailable, if such a mistake were shown to exist, for the simple reason that it was not put in issue, in any shape, by the pleadings. While an accord and satisfaction may be set aside, if it is shown that the parties to the transaction were mutually mistaken in regard to the material facts, such mistake must be set up by proper pleading. *It is not available where it is neither averred in the bill, nor referred to in a plea in bar and a general replication thereto, which merely puts in issue the truth of the plea.*" (Italics supplied.)

Appellant having raised the issue that no accord and satisfaction had been made, could not thereafter raise the inconsistent issue of mistake in the action at law. Since the Oregon law is binding on the federal courts in that state,[3] it seems to me that the reason advanced for the conclusion reached by the majority is erroneous.

Second. While it is true that 28 U.S.C.A. § 398 and 1 Ore.Code Ann.1930, § 6-102, permit an equitable claim to be asserted by reply, neither is in any sense a statement of a rule of res judicata, but merely governs a mode of proceeding. Nothing in either statute compels a party to assert his equitable claim. City of Orlando v. Murphy, 5 Cir., 77 F.2d 702, 703; Churchill v. Meade, supra, 92 Or. 632, 182 P. 368. Appellee here was compelled to assert the equitable claim, if at all, by operation of the rule of res judicata.

I think the rule of res judicata is one of substantive law, and a question to be determined under the Oregon law. Ruhlin v. New York Life Ins. Co., 304 U.S. 202, 209, 58 S.Ct. 860, 82 L.Ed. 1290. Under the law of Oregon, the judgment in the action at law is not res judicata. Taylor v. Winn, 104 Or. 383, 386, 207 P. 1096.

On the other hand, considering the question to be one upon which the "federal" law is controlling, I think the judgment in the action at law is not res judicata here. As is said in 2 Freeman on Judgments, 5th Ed., 1422, § 675: "the general expression, often found in the reports, that a judgment is conclusive of every matter which

[2] Fire Ins. Ass'n v. Wickham, 141 U.S. 564, 12 S.Ct. 84, 35 L.Ed. 860; Williams v. Poppleton, 3 Or. 139; Marks v. Twohy Bros. Co., 98 Or. 514, 527, 194 P. 675; Pierce v. Northern P. R. Co., 127 Or. 461, 271 P. 976, 62 A.L.R. 644;

Mickel v. Associated Oil Co., 147 Or. 81, 30 P.2d 352; 48 C.J. 639, 640, § 82(3).
[3] 28 U.S.C.A. §§ 724, 725; Phillips, & C. Const. Co. v. Seymour et al., 91 U.S. 646, 655, 23 L.Ed. 341; Tomkins v. Paterson, D.C.Wash., 239 F. 402.

the parties might have litigated in the action, is misleading". As shown above the equitable claim here in issue was one which could not be litigated in the action at law, and therefore, the rule does not apply. However, even if we assume that it could have been litigated, then the judgment, I think, was not res judicata. The applicable rule is expressed in Brown v. First Nat. Bank, 8 Cir., 132 F. 450, 452, certiorari denied 196 U.S. 641, 25 S.Ct. 796, 49 L.Ed. 631, as follows: "* * * where the facts which establish his defense also constitute an affirmative cause of action against the plaintiff, he has the option to interpose them as a defense, or to reserve them for an independent or cross action. If he refrains from presenting them as a defense, the judgment in the action against him does not bar or adjudicate his affirmative cause of action upon them, and he is free to subsequently maintain it. * * *" See also: Watkins v. American Nat. Bank, 8 Cir., 134 F. 36, 40, writ of error dismissed 199 U.S. 599, 26 S.Ct. 746, 50 L.Ed. 327; Pierce v. National Bank of Commerce, 8 Cir., 268 F. 487, 496; Independent Harvester Co. v. Tinsman, 7 Cir., 253 F. 935, 936; Young v. Baker, Fentress & Co., 7 Cir., 74 F.2d 422, 423; 83 A.L.R. 642, annotation. Compare: Union Cent. Life Ins. Co. v. Drake, 8 Cir., 214 F. 536, 547. If a party is not precluded, in a subsequent action at law, by a former judgment, even though the subsequent action is based on a cause of action which could have been asserted as a legal defense in the prior action, reason compels the conclusion that an equitable defense need not be raised.

I think it is clear that the judgment in the action at law is not res judicata here.

Since a court of equity found that a judgment, based upon an accord and satisfaction of appellee's claim entered into by mistake, was rendered in an action at law, such court of equity has power to cancel the accord and satisfaction, and allow recovery by appellee on his claim. Northern Assur. Co. v. Grand View Building Ass'n, 203 U.S. 106, 107, 27 S.Ct. 27, 51 L.Ed. 109.

I think the decree should be modified by striking therefrom the provisions reforming the instrument, and by inserting in lieu thereof a provision rescinding the agreement purported to be expressed in the instrument insofar as it relates to "loading" charges; and as so modified, the decree should be affirmed.