Argued October 17; resubmitted in banc December 14, affirmed December
18, 1978, petition for review allowed May 15, 1979, 286 Or 435

# STRAWBERRY HILL 4 WHEELERS et al, *Appellants,*

*v.*

# BOARD OF COMMISSIONERS FOR THE COUNTY OF BENTON et al, *Respondents.*

(No. 33160, CA 11086)

588 P2d 65

Lynn H. Heusinkveld, Coos Bay, argued the cause and filed the briefs for appellants.

Todd G. Brown, Corvallis, argued the cause and filed the brief for respondents.

JOHNSON, J.

## JOHNSON, J.

Plaintiffs appeal the judgment of the trial court quashing a writ of review contesting a road vacation by Benton County. The trial court concluded that the county's decision was legislative and, thus, not subject to writ of review. *See* ORS 34.040.[1]

The older cases have been in conflict as to whether vacation of a road is legislative or quasi-judicial. *Compare Holmes v. Graham,* 159 Or 466, 80 P2d 870 (1938) *with Portland Baseball Club v. Portland,* 142 Or 13, 18 P2d 811 (1933). However, since vacation of a road affects land use, it is doubtful that cases decided prior to *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973) are entitled to any weight. The post-*Fasano* decisions indicate that where a municipal land use decision concerns a large area of land, and there is multiple ownership, the decision is legislative. *See, e.g., Neuberger v. City of Portland,* 37 Or App 13, 586 P2d 351 (1978). Here the vacated road was 4.3 miles in length serving 20 to 30 square miles of timberland near Mary's Peak. The amended petition for writ of review disclosed that the abutting landowners included the United States Forest Service, the Bureau of Land Management, the City of Corvallis, a private timber company and individual landowners. *Cf. Joyce*

---

[1] ORS 34.040 provides:

"The writ shall be allowed in all cases where the inferior court, officer, or tribunal other than an agency as defined in subsection (1) of ORS 183.310 in the exercise of judicial or quasi-judicial functions appears to have:

"(1) Exceeded its or his jurisdiction;

"(2) Failed to follow the procedure applicable to the matter before it or him;

"(3) Made a finding or order not supported by reliable, probative and substantial evidence; or

"(4) Improperly construed the applicable law;

to the injury of some substantial right of the plaintiff, and not otherwise. The fact that the right of appeal exists is no bar to the issuance of the writ."

*v. City of Portland,* 24 Or App 689, 546 P2d 1100 (1976). The writ was properly quashed.

Affirmed.

**THORNTON, J.,** dissenting.

The majority opinion holds that an order of vacation entered by a board of county commissioners cannot be challenged by writ of review because it is a "legislative" decision.

I must respectfully disagree. My reasons are as follows: First, the court's decision is (a) in direct conflict with ORS 203.200 and 203.120(3); and (b) contrary to the settled case law in this state recognizing the right of an interested party to challenge county road vacation proceedings by writ of review.

ORS 203.200 provides as follows:

"The decisions of the county court made in the transaction of county business shall be reviewed only upon the writ of review provided by the civil procedure statutes." (General Laws of Oregon, ch 11, § 875, p 367 (Deady 1845-1864).)

ORS 203.120(3) provides:

"The county court has the authority and powers pertaining to county commissioners to transact county business, as follows:

"* * * * *

"(3) To establish, vacate or alter county roads or highways within the county, or any other necessary act relating thereto, in the manner provided by law and to permit the use thereof, including the use of the right of way, by persons for purposes deemed by the county court to be in the public interest."

Contrary to the majority's conclusion, the Oregon Supreme Court, since at least 1874, has consistently held that an affected land owner can bring a writ of review proceeding to test the action of a county court in road matters. For example, *see, C. & G. Road Co. v. Douglas Co.,* 5 Or 280 (1874), and *Minard v. Douglas*

*County,* 9 Or 206 (1881). In *Gaines and Stringer v. Linn County,* 21 Or 430, 28 P 133 (1891), the court held that any person whose lands are directly affected by a proceeding to lay out, vacate or alter a county road, though he be neither a petitioner nor remonstrator, may have the proceeding reviewed for errors therein.

In *Re Petition of Reeder et al.,* 110 Or 484, 488, 222 P 724 (1924), the Supreme Court observed:

> "If the Board of County Commissioners has exercised its judicial functions erroneously, or has exceeded its jurisdiction in the matter of the establishment of the county road involved in this proceeding, the appellants' remedy for that wrong is by the writ of review: * * *."

Further, the court said that in an appeal from the assessment of damages in road proceedings, the appellants could not litigate such issues as the regularity of notice given by the advertisement or the utility of the particular road, those questions being reviewable only by writ of review.

In *Holmes v. Graham,* 159 Or 466, 80 P2d 870 (1938), the Supreme Court held expressly that a writ of review, not a suit in equity to set aside the county court's proceedings, was the proper remedy of owners of land abutting on a vacated county road.

As recently as 1977, this court in *Thompson v. Columbia County Comm'rs,* 29 Or App 813, 564 P2d 1376, *rev den* (1977), considered a writ of review challenging the validity of the board of county commissioners' vacation of a county road without any qualms as to the propriety of remedy pursued by the petitioning landowners.

Vacation of county roads, like establishment and laying out of such roads, is a statutory proceeding. ORS 368.565 et seq.

These general enabling statutes (ORS ch 368) are complete in themselves and provide a comprehensive, integrated procedure for the establishment and laying out of county roads. The vacation of county roads, like

the establishment and laying out of such roads, is likewise a complete statutory proceeding, ORS 368.565 et seq, culminating in a quasi-judicial decision by the board of county commissioners either to grant or deny the proposed vacation.

Lastly, I cannot agree that county road proceedings are land use matters in the same sense as that term was used in *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), cited and relied upon in the majority opinion. Rather, they are special statutory proceedings of the county court and are subject to challenge by reason of the provisions of ORS 203.200, quoted earlier.

However, even assuming arguendo that road vacations should be treated as land use matters, I do not read *Fasano* as requiring that this road vacation be treated as a legislative determination. *Fasano* relies upon the following distinction:

    " '* * * Basically, this test involves the determination of whether action produces a general rule or policy which is applicable to an open class of individuals, interest, or situations, or whether it entails the application of a general rule or policy to specific individuals, interests, or situations. If the former determination is satisfied, there is legislative action; if the latter determination is satisfied, the action is judicial.' "

Quoting Comment, *Zoning Amendments—The Product of Judicial or Quasi-Judicial Action,* 33 Ohio St L J 130, 137 (1972). 264 Or at 581.

The Supreme Court thereafter employed this approach in *Petersen v. Klamath Falls,* 279 Or 249, 255-56, 566 P2d 1193 (1977), an annexation case, where the court noted:

    "* * * [S]ince the consideration of * * * statewide goals and the determination that a particular annexation proposal does or does not comply with those goals necessarily involves the application of general standards to a specific situation and to specific individuals, we conclude that such a decision is quasi-judicial in nature. *See Green v. Hayward,* 275 Or 693, 552 P2d 815 (1976);

[ 580 ]

*Fasano v. Washington County Comm., supra; Auckland v. Board of Comm.,* 21 Or App 596, 536 P2d 444 (1975). Of course, we recognize that the broader issues involved in reaching final decisions on whether the land proposed for annexation should, in fact, be annexed to the city, and at what point that action should be taken, may cloak those ultimate decisions with a character which is more legislative than judicial. *See Griffin v. City of Roseburg,* 255 Or 103, 464 P2d 691 (1970); *Schmidt et al v. City of Cornelius,* 211 Or 505, 316 P2d 511 (1957); 2 McQuillin, Municipal Corporations, § 7.10 (3d ed 1966). However, we believe that the initial, threshold determination to be made—whether the proposed annexation is consistent with the statewide planning goals—is a determination which is quasi-judicial in nature. *Compare Millersburg Development Corp. v. Mullen,* 14 Or App 614, 514 P2d 367 (1973). * * *"

The statutory scheme for road vacation proceedings sets forth, in ORS 368.580(2) to (4), standards by which the county court is to decide the action to be taken. These standards are to be applied to information gleaned from the county surveyor's report, the petition or resolution for vacation, and any objections made. ORS 368.580(1). Thus road vacations are quasi-judicial and subject to review by means of the writ of review proceeding.

The majority relies in part on dicta in *Portland Baseball Club v. Portland,* 142 Or 13, 18 P2d 811 (1933), for the proposition that county road vacation proceedings are "legislative" and not quasi-judicial. I do not believe that case is authority for declaring that statutory road proceedings are "legislative" rather than "quasi-judicial" in nature and are therefore no longer subject to challenge by writ of review; or as is implied in the majority opinion, are now completely immune from any type of judicial review, on the authority of *Fasano.*

*Portland Baseball* involved a special situation. The central issue was the power of the city to attach a condition to the vacation of a street. The condition required the baseball club to build a new grandstand

on its property. The club failed to build the grandstand; the city thereupon proceeded to vacate the street. The club sued the city, contending that the city had no authority to attach the condition to the vacation order in the first place. The court held for the city. In summary, the issue was whether a city could attach the above condition to its order, not whether the act of vacating a street was "legislative" or "judicial."

Even though the court held that the Portland city charter provision and the state statutes authorized the city to vacate streets by ordinance and in the exercise of its "legislative" power to attach certain conditions to such ordinance, I do not regard that case as authority for what the court has done, namely, in effect creating a judicial exception to the provisions of ORS 203.200, quoted above, and ignoring the long line of Oregon cases treating road vacation proceedings as quasi-judicial in nature and subject to judicial review in a writ of review proceeding.

The road vacation involved in the case at bar affects only a relatively small parcel of land in Benton County, not 50 percent of the county as in *Culver v. Dagg,* 20 Or App 647, 532 P2d 1127, *rev den* (1975).

Therefore, I submit that the *Fasano* and *Culver* rule has no application here.

For all of the above reasons I respectfully dissent.

Buttler and Joseph, JJ., join in this dissent.